114 T.C. No. 33

UNITED STATES TAX COURT

GAF CORPORATION AND SUBSIDIARIES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23682-97.                    Filed June 29, 2000.

      R determined deficiencies in income tax based on
"affected items" that are dependent upon the resolution
of partnership items.  The resolution of the
partnership items must be made at the partnership
level.  The partnership level proceeding has not been
completed.  P asks us to dismiss for lack of
jurisdiction on the ground that respondent has
determined deficiencies that are based on "affected
items", which may not be determined before final
resolution of the partnership items to which they
relate.  P relies on Maxwell v. Commissioner, 87 T.C.
783 (1986) (striking affected items for lack of
jurisdiction because the partnership proceeding had not
been completed).
      Held:  A valid notice of deficiency based on
"affected items" may not be issued prior to completion
of the related partnership-level proceedings.  Our
jurisdiction is dependent upon a valid notice of
deficiency.  R's notice of deficiency is invalid.  This
case is dismissed for lack of jurisdiction.

Albert H. Turkus, Pamela F. Olson, William F. Nelson, and Anne E. Collins, for petitioner.

John A. Guarnieri, Craig Connell, and Ruth M. Spadaro, for respondent.

OPINION

RUWE, Judge:  The matter is before the Court on petitioner's motion for summary judgment.

I.  Introduction

Petitioner is a Delaware corporation, with its principal place of business in Wayne, New Jersey.  It is the common parent of an affiliated group of corporations making a consolidated return of income (the affiliated group).

By notice of deficiency dated September 12, 1997, respondent determined deficiencies in the Federal income tax liabilities of the affiliated group for its taxable (calendar) years 1987, 1988, and 1990, in the amounts of $4,038,474, $70,644, and $80,285,840, respectively, along with an accuracy-related penalty for 1990 of $16,057,168.[1]  Petitioner asks for summary disposition in its favor on the ground that this is not a partnership proceeding, and respondent has determined deficiencies that are entirely

---

[1]Respondent concedes that the adjustment for 1988 was made in error and that no deficiency exists for that year.

dependent upon proposed adjustments to "partnership items", which may not be adjudicated in this proceeding, or to "affected items", which may not be determined before final resolution and adjustment of the partnership items to which they relate. Petitioner claims that there is no genuine issue as to any material fact and the law is clear, in its favor. Respondent conditionally agrees that there is no genuine issue as to any material fact.[2]

## II. Discussion

### A. Respondent's Adjustments

GAF Chemicals Corp. (GAF Chemicals) and Alkaril Chemicals, Inc. (Alkaril), are two members of the affiliated group. Rhone-Poulenc Surfactants and Specialties, L.P., is a Delaware limited partnership (the partnership). Respondent's adjustments, which give rise to the deficiencies and penalty in question, relate to certain transfers of property by GAF Chemicals and Alkaril (the transferors). The property in question consists of assets related to businesses carried on by the transferors. Respondent determined that the transferors realized gains with respect to the property at the time of the transfer. Petitioner avers that the transfer was a contribution by the transferors to the

---

[2]Petitioner has requested a hearing on the motion. The parties' submissions fully set forth their respective positions, and we see no need for any further argument. Therefore, we have not granted petitioner's request for a hearing.

partnership in exchange for interests in the partnership and that the Code provides that no gain is to be recognized to the transferors. Respondent denies that the transfer was a contribution to the partnership by the transferors. Respondent believes that the transferors sold the property and, therefore, gain must be recognized to the transferors on account of such sale. Respondent characterizes the transfer as a sale based on two sometimes independent hypotheses: (1) There was no partnership, and (2) the transferors received no partnership interests in exchange for the property.[3]

Petitioner filed its consolidated corporate Federal Income Tax return (Form 1120) for its 1990 taxable year (the GAF return), on or about September 16, 1991.

B. Jurisdiction

1. Petitioner Raises a Question of Subject Matter Jurisdiction

The Tax Court is a court of limited jurisdiction, and the Court exercises jurisdiction only to the extent provided by statute. See sec. 7442; Pyo v. Commissioner, 83 T.C. 626, 632

---

[3]For example, respondent claims, in the alternative: (1) There was no partnership; (2) if there was a partnership, the transfer was not to it but to a related party; and (3) if there was a partnership and the transfer was to it, the transfer was not in exchange for interests in the partnership but, rather, was a sale to the partnership.

(1984).  Pursuant to section 6213(a),[4] this Court's jurisdiction to redetermine a deficiency in tax depends upon a valid notice of deficiency and a timely filed petition.  See Savage v. Commissioner, 112 T.C. 46, 48 (1999).  Section 6212(a) provides: "If the Secretary determines that there is a deficiency in respect of * * * [among other taxes, the income tax], he is authorized to send notice of such deficiency to the taxpayer".  Section 6213 authorizes a taxpayer to whom a notice of deficiency has been sent to petition the Tax Court for a redetermination of such deficiency.

In response to the notice, petitioner filed the petition on December 9, 1997.  Prima facie, we have jurisdiction to redetermine the deficiencies determined in the notice.  See, generally, secs. 6211 through 6214.  Petitioner argues, however, that the determinations in the notice involve either partnership items that cannot be adjudicated in a partner-level proceeding, see sec. 6221, or affected items that cannot be determined before final resolution and adjustment of the partnership items to which they relate.  Therefore, petitioner argues that the notice is invalid, citing N.C.F. Energy Partners v. Commissioner, 89 T.C.

---

[4]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

741 (1987); Maxwell v. Commissioner, 87 T.C. 783 (1986); and

Gillilan v. Commissioner, T.C. Memo. 1993-366.[5]

> 2. Partnership Items, Nonpartnership Items, Affected Items, and Computational Adjustments

The terms "partnership item", "nonpartnership item",

"affected item", and "computational adjustment" are terms of art.

They are defined in section 6231(a)(3), (4), (5), and (6),

respectively, as follows:

> The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.
>
> The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.
>
> The term "affected item" means any item to the extent such item is affected by a partnership item.
>
> The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item.  * * *

Section 6231 is one of a group of provisions concerning the tax

treatment of partnership items that was added to the Code by the

Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L.

---

[5]Petitioner's alternative ground is that this proceeding is time barred by sec. 6501(a).  The same ground was raised in the partnership case.  See Rhone-Poulenc Surfactants & Specialties, L.P., v. Commissioner, 114 T.C. __ (2000).  Because of our holding that we lack jurisdiction, we need not address petitioner's alternative ground.

97-248, sec. 402(a), 96 Stat. 324, 648 (TEFRA partnership
provisions).[6]

For income tax purposes, partnerships are not taxable
entities.  See sec. 701 (reflecting the view that a partnership
is no more than an aggregation of its members).  Before TEFRA,
adjustments with respect to partnership items were made to each
partner's income tax return at the time (and if) that return was
examined.  See H. Conf. Rept. 97-760, at 599 (1982), 1982-2 C.B.
600, 662.  An administrative settlement or judicial determination
of a disagreement between a partner (or partners) and the
Commissioner bound only the parties thereto and did not bind
other partners or bind the Commissioner with respect to other
partners.  See id.  The TEFRA partnership provisions provide that
all partnership items are to be determined at the partnership
level rather than at the partner level.  See sec. 6221.

If a computational adjustment results in a deficiency in a
partner's tax, the partner is accorded the right to challenge the
adjustment pursuant to the deficiency procedures provided for in
subtitle F, chapter 63, subchapter B of the Internal Revenue Code
only if and to the extent the change in the partner's tax
liability cannot be made without making one or more partner-level

---

[6]The TEFRA partnership provisions have been amended since
their enactment in 1982 and now constitute secs. 6221 through
6234.

determinations.  See sec. 6230(a)(1); sec. 301.6231(a)(6)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

### 3.  Nature of the Items in Issue

Two mixed questions of law and fact underlie respondent's hypotheses about this case:  Was the putative partnership an actual partnership, and, if so, did the transferors transfer the property to the partnership in exchange for interests in the partnership?  Those two questions also underlie the related partnership case, Rhone-Poulenc Surfactants & Specialties, L.P., v. Commissioner, 114 T.C. __ (2000).  In the partnership case, GAF Chemicals and the Commissioner are in agreement that the primary questions constitute partnership items.[7]

---

[7]Regulations authorized by sec. 6233 provide:

> Sec. 301.6233-1T.  Extension of entities filing partnership returns, etc. (Temporary).--(a) Entities filing a partnership return.  Except as provided in paragraph (d)(1) of this section, the provisions of subchapter C of chapter 63 of the Code ("subchapter C") and the regulations thereunder shall apply with respect to any taxable year of an entity for which such entity files a partnership return as well as to such entity's items for that taxable year and to any person holding an interest in such entity at any time during that taxable year.  Any final partnership administrative adjustment or judicial determination resulting from a proceeding under subchapter C with respect to such taxable year may include a determination that the entity is not a partnership for such taxable year as well as determinations with respect to all items of the entity which would be partnership items, as defined in
> (continued...)

### 4. Arguments of the Parties

Petitioner, consistent with GAF Chemicals' position in the partnership case, argues that the primary questions are partnership items or, at the very least, items that must be resolved in a partnership-level proceeding.[8]  Respondent's position is substantially the same.  The parties are also in agreement that the remaining questions present nonpartnership items that are affected items requiring partner-level determinations (the affected items).  See sec. 6230(a)(2).

The parties differ over whether this Court may consider the affected items before the seminal partnership items have been resolved at the partnership level.  Because such resolution has not yet occurred, petitioner alleges that this Court lacks jurisdiction over this case.

---

[7](...continued)
section 6231(a)(3) and the regulations thereunder, if such entity had been a partnership in such taxable year* * *  [Sec. 301.6233-1T, Temporary Proced. & Admin. Regs., 50 Fed. Reg. 39998 (Oct. 1, 1985).]

Sec. 301.6231(a)(3)-1(a)(4)(i), Proced. & Admin. Regs., provides that the term "partnership item" includes "contributions to the partnership."

[8]GAF Chemicals, petitioner in the partnership case, is a subsidiary of the petitioner in this case.  Since both corporations are members of the affiliated group, we assume that they have a common interest.  Thus, we attribute the position of GAF Chemicals in the partnership case to petitioner.

5. Maxwell Line of Cases

Since the parties agree that the primary questions are items that are not before us in this proceeding, we will not concern ourselves with our jurisdiction to determine those items. We consider only our jurisdiction to determine the affected items.

As noted above, petitioner relies upon N.C.F. Energy Partners v. Commissioner, 89 T.C. 741 (1987), Maxwell v. Commissioner, 87 T.C. 783 (1986), and Gillilan v. Commissioner, T.C. Memo. 1993-366, to support its argument that we have no jurisdiction over the affected items.

In Maxwell, we were confronted with a notice of deficiency that was based on adjustments, some of which were unrelated to a partnership and some of which were "affected items" within the meaning of section 6231(a)(5). We granted respondent's motion to dismiss the affected items for lack of jurisdiction. Our dismissal was based on an analysis of the statutory scheme for dealing with TEFRA partnerships. That statutory scheme contemplated full resolution of partnership items, at the partnership-level proceeding, before there could be any partner-level action, such as a notice of deficiency, based on affected items. Maxwell did not explicitly state that the notice of deficiency was invalid as to the affected items, but that appears to be the only logical conclusion. For example, if the notice had been valid as to affected items and the petition had been

timely (the petition was timely in <u>Maxwell</u>), we would have had jurisdiction.  Once we acquire jurisdiction over a deficiency, subsequent events do not affect our jurisdiction.  See <u>Dorl v. Commissioner</u>, 57 T.C. 720 (1972); <u>Main-Hammond Land Trust v. Commissioner</u>, 17 T.C. 942, 956 (1951), affd. 200 F.2d 308 (6th Cir. 1952).

Opinions subsequent to <u>Maxwell</u> explicitly state that we lack jurisdiction over affected items in a notice of deficiency that was issued prior to the completion of the related TEFRA partnership proceedings because, to the extent the notice is based on affected items, <u>such a notice is invalid</u>.  In <u>Frazell v. Commissioner</u>, 88 T.C. 1405 (1987), the Commissioner issued a notice of deficiency for 1982 that was dependent upon partnership-level adjustments.  The taxpayer moved to dismiss for lack of jurisdiction because the TEFRA partnership procedures had not been followed.  We framed the issue as follows:

> We must decide whether ACTF was a partnership for Federal income tax purposes prior to 1983.  If it was, and if it had a 1982 taxable year beginning after September 3, 1982, then we must grant petitioners' cross-motion to dismiss for lack of jurisdiction because respondent has not complied with the partnership audit and litigation procedures (sec. 6221 et seq.), and the notice of deficiency would be <u>invalid</u>.  <u>Maxwell v. Commissioner</u>, 87 T.C. 783 (1986); sec. 301.6221-1T(a), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 6781 (Mar. 5, 1987). * * *[<u>Id.</u> at 1411; emphasis added.]

We held that the partnership was subject to the TEFRA procedures stating:

> As a partnership formed after September 3, 1982, with its fiscal year ending December 31, 1982, ACTF was subject to the partnership audit and litigation procedures (sec. 6221 et seq.), for its 1982 taxable year.  Respondent's statutory notice of deficiency is, therefore, invalid.  Petitioners' cross-motion to dismiss for lack of jurisdiction will be granted. * * * [Id. at 1414; emphasis added.]

In Weiss v. Commissioner, 88 T.C. 1036 (1987), we dismissed for lack of jurisdiction because the notice of deficiency, issued prior to completion of the TEFRA partnership procedures, was "ineffectual."

In Boyd v. Commissioner, 101 T.C. 365 (1993), we held that a prior decision of this Court in a deficiency case that was based on disallowance of a partnership loss was not res judicata in a subsequent case.  We explained as follows:

> The doctrine of res judicata bars litigating a claim if it was or could have been litigated in a prior case.  Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948); Trost v. Commissioner, 95 T.C. 560, 566 (1990).  As discussed above, petitioners' $120,000 partnership loss deduction was not properly included in the first notice of deficiency.  Maxwell v. Commissioner, 87 T.C. at 788.  The first notice of deficiency was invalid, id., and the decision entered was a nullity, Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989), revg. an order of this Court.  Thus, litigation of the claimed $120,000 partnership loss is not barred by res judicata.  [Id. at 371-372; emphasis added; fn. ref. omitted.]

In Dubin v. Commissioner, 99 T.C. 325 (1992), we dismissed for lack of jurisdiction because the notice of deficiency was

dependent on partnership items that had not yet been resolved under the TEFRA partnership procedures.  In doing so, we explained:

> In general, respondent has no authority to assess a deficiency attributable to a partnership item until after the close of a partnership proceeding.  Sec. 6225(a).  Moreover, since the tax treatment of affected items depends on partnership level determinations, affected items cannot be tried as part of a partner's personal tax case until the completion of the partnership level proceeding.  N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743-744 (1987); Maxwell v. Commissioner, supra at 790-793; see sec. 6230(a).  This, of course, is a partner level, not a partnership level, proceeding.  [Id. at 328.]

In Dubin, we lacked jurisdiction because the deficiency notice was invalid as to P, since it was issued prior to the completion of partnership-level proceedings.[9]

Respondent argues that we have jurisdiction in the instant case and that it is distinguishable from Maxwell v. Commissioner, supra, because here the FPAA has already been issued.  In Trost v. Commissioner, 95 T.C. 560, 564-565 (1990), we rejected a similar argument when it was made by taxpayers, and opposed by the Commissioner, stating:

> Based on the statutory pattern and legislative history of the TEFRA provisions, we concluded that "The 'partnership items' must be separated from the partner's personal case and considered solely in the

---

[9]In the headnote, we stated: "Held, further, R's deficiency notice is invalid as to P, because it was issued prior to the completion of the partnership-level proceedings.  Sec. 6225, I.R.C."

partnership proceeding." Maxwell v. Commissioner, supra at 788. (Emphasis added.) We further explained that under the rules of the Tax Court "[this] 'Court does not have jurisdiction of a partnership action' if no FPAA has been issued." Maxwell v. Commissioner, supra at 788. Because no FPAA had been issued to the partnership, we did not have jurisdiction to redetermine any portion of a deficiency attributable to partnership items. Maxwell v. Commissioner, supra at 789.

We did not, however, conclude in Maxwell that if respondent had issued an FPAA to the partnership, we would have had jurisdiction to redetermine the portion of the deficiency attributable to both partnership and nonpartnership items in a single proceeding. Rather, we concluded that we would only have jurisdiction to redetermine partnership items in a separate partnership proceeding if respondent had issued an FPAA [to] the partnership. Consequently, we reject petitioners' contention that partnership items may be litigated in a nonpartnership proceeding if an FPAA has been issued to the partnership before a partner's petition is filed.[10]

In Trost, the taxpayers argued that if we did not retain

jurisdiction to determine overpayments attributable to the

---

[10]Respondent's position in the instant case is also inconsistent with the position he recently took in the case of Kanter v. Commissioner, docket No. 7553-99, where on Apr. 21, 2000, respondent filed a motion to dismiss for lack of jurisdiction. In Kanter, the Commissioner had issued a notice of deficiency for an affected item after we had entered a decision in the related partnership proceeding, but before our decision had become final. (The Court of Appeals subsequently affirmed our decision in the partnership case.) Nevertheless, the Commissioner moved to dismiss the deficiency case arguing that the notice of deficiency was invalid because the Commissioner had no authority to issue the notice of deficiency regarding affected items until after the decision in the partnership proceeding had become final. The Commissioner cited Dubin v. Commissioner, 99 T.C. 325 (1992), and Maxwell v. Commissioner, 87 T.C. 783 (1986), in support of his motion to dismiss.

partnership items, they might be precluded by the doctrine of res judicata from bringing a subsequent suit for the overpayments. We held that this possible hardship was irrelevant to whether we had jurisdiction and granted the Commissioner's motion to dismiss regarding the taxpayers' claimed losses from the partnership.

Finally, in Gillilan v. Commissioner, T.C. Memo. 1993-366, we once again explained that in a deficiency case, we lack jurisdiction over partnership and affected items where the notice of deficiency was issued prior to completion of the related partnership proceeding. In Gillilan, the taxpayer was a partner in a partnership governed by the TEFRA procedures. The Commissioner issued an FPAA to the partnership, the tax matters partner filed a petition, and thereafter, the Commissioner issued a notice of deficiency to petitioner for tax that was dependent upon resolution of partnership items. At the time the notice of deficiency was issued, the partnership case was pending before this Court. We addressed our jurisdiction in the deficiency case stating:

> The unified audit and litigation procedures applicable to partnership items are found in sections 6221-6233. Those procedures (the TEFRA procedures) were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648. The TEFRA procedures provide a method for adjusting "partnership items" in a single, unified partnership proceeding, rather than in separate proceedings with each partner. Sec. 6621. Until such partnership-level proceeding is completed, respondent generally may not assess a deficiency attributable to a

"partnership item" against any partner.  Sec. 6225.
Moreover, because the tax treatment of an "affected
item" depends upon the partnership-level determination,
affected items generally cannot be tried as part of a
partner's tax case prior to the completion of the
partnership-level proceeding.  E.g., <u>Dubin v.
Commissioner</u> 99 T.C. 325, 328 (1992).  Accordingly, if
the items at issue in this case are partnership items
(or affected items), respondent lacks the authority to
assess a deficiency with regard thereto.  <u>If that is
the case, we must dismiss for lack of jurisdiction on
the ground that respondent's deficiency notice is
invalid</u>. * * * [<u>Id.</u>; fn. ref. omitted; emphasis added.]

In <u>Gillilan</u>, we dismissed the deficiency case for lack of
jurisdiction on the basis that the notice of deficiency was
issued prior to completion of the partnership-level proceedings,
which rendered the notice "invalid".[11]

The theory and holdings in the aforementioned cases apply to
the instant case, and no meaningful distinction can be made.  The

---

[11]In <u>Gillilan v. Commissioner</u>, T.C. Memo. 1993-366, we held:

Petitioner's share of Startrac's losses is a
partnership item.  Accordingly, respondent may not
assess a deficiency attributable to such losses against
petitioner prior to the completion of Startrac's
partnership-level proceedings.  Sec. 6225.  That has
not yet occurred, and respondent's notice of deficiency
therefore is invalid.  We shall dismiss for lack of
jurisdiction.

notice of deficiency on which this case is based was invalid.  We must therefore dismiss this case for lack of jurisdiction.

<u>An order and order of</u>

<u>dismissal for lack of jurisdiction</u>

<u>will be entered</u>.

Reviewed by the Court.

WELLS, COHEN, PARR, CHIECHI, FOLEY, VASQUEZ, GALE, THORNTON, and MARVEL, <u>JJ</u>., agree with this majority opinion.

HALPERN, J., dissenting:

I.  Introduction

This case is a companion to Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. __ (2000) (Rhone-Poulenc).  In Rhone-Poulenc, I agree with the majority that section 6229(a) provides a minimum period for the assessment of any tax attributable to any partnership item or affected item and not the exclusive period for the assessment of such tax, but I disagree with the majority that the notice of final partnership administrative adjustment (FPAA) issued in that case was timely under section 6229(a) to suspend "the period for assessing any tax imposed by subtitle A".  I concur in the result reached by the majority, however, because the taxpayer in Rhone-Poulenc has failed to show that the notice of deficiency issued to petitioner in this case (the notice of deficiency) was not timely issued under section 6503(a)(1) to suspend the running of the period of limitations provided in section 6501 for the assessment of a deficiency attributable to affected items requiring partner-level determinations (arguably 6 years, under the facts of this case and section 6501(e)(1)).

My disagreement with the majority in this case is over whether the notice of deficiency (dealing only with affected items) is invalid because it was issued prior to the completion of the related partnership proceeding.  I respectfully dissent

from the majority's holding, rooted in <u>Maxwell v. Commissioner</u>, 87 T.C. 783 (1986), that the notice of deficiency is invalid so as to require that we grant petitioner's motion for summary judgment.

## II.  <u>Maxwell v. Commissioner</u>

The majority relies on <u>Maxwell v. Commissioner</u>, <u>supra</u>, and cases following it (the <u>Maxwell</u> line of cases) for the proposition that we lack subject matter jurisdiction to redetermine a deficiency attributable to affected items until the related partnership proceeding (if any) is completed.  The majority concludes that a notice of deficiency is invalid as to affected items if issued before the conclusion of the related partnership proceeding.

In the <u>Maxwell</u> line of cases, we relied upon the overriding principle that, in enacting the TEFRA partnership provisions,[1] "Congress intended administrative and judicial resolution of disputes involving partnership items to be separate from and independent of disputes involving non-partnership items." <u>Maxwell v. Commissioner</u>, <u>supra</u> at 788.  I believe, however, that we erred in the <u>Maxwell</u> line of cases when, in effect, we made separation and independence synonymous with jurisdiction.

---

[1] Sec. 402(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, 648, added subchapter C to chapter 63, subtitle F of the Internal Revenue Code (the TEFRA partnership provisions).  The TEFRA partnership provisions now comprise secs. 6221 through 6234.

III. <u>Jurisdiction</u>

A. <u>Introduction</u>

Subchapter B, chapter 63, subtitle F of the Internal Revenue Code (subchapter B), comprises sections 6211 through 6216, and it contains the deficiency procedures applicable to the income tax. In pertinent parts, section 6211 defines a deficiency, section 6212 provides for a notice of deficiency, section 6213(a) gives a taxpayer the right to file a petition with the Tax Court for a redetermination of the deficiency, and section 6214(a) establishes our jurisdiction to redetermine the correct amount of any deficiency. Section 6230(a)(2)(A)(i) provides: "Subchapter B shall apply to any deficiency attributable to--(i) affected items which require partner level determinations".

By the notice of deficiency, respondent determined a deficiency attributable to affected items requiring a partner-level determination. Petitioner timely filed the petition, assigning error to respondent's determination of that deficiency. In <u>Hannan v. Commissioner</u>, 52 T.C. 787, 791 (1969), we stated: "it is not the <u>existence</u> of a deficiency but the Commissioner's <u>determination</u> of a deficiency that provides a predicate for Tax Court jurisdiction." (Emphasis added.) See also <u>LTV Corp. v. Commissioner</u>, 64 T.C. 589, 591 (1975). The majority ignores the imperative language of section 6230(a)(2)(A)(i) ("Subchapter B shall apply to * * * affected items"), which, when read in

conjunction with subchapter B, establishes our subject matter jurisdiction over the deficiency determined in the notice of deficiency.

B.  <u>Maxwell Line of Cases</u>

The majority disposes of this case without any critical analysis of the <u>Maxwell</u> line of cases.  The facts here are different from those in <u>Maxwell</u>, and a consideration of that difference exposes the error of our interpretation in <u>Maxwell</u>: If we dismiss for lack of jurisdiction here, respondent will suffer a consequence that we did not foresee in any of the <u>Maxwell</u> line of cases.[2]  A reasonable interpretation of the statute does not require that we dismiss this type of case for lack of jurisdiction, only that, if necessary, we defer proceeding until consideration of the affected items is appropriate.  Cf. <u>Harris v. Commissioner</u>, 99 T.C. 121, 128 (1992), affd. 16 F.3d 75 (5th Cir. 1994) (recognizing the propriety of deferring entry of decision to consider affected items).  Indeed, petitioner and the participating partner in <u>Rhone-Poulenc</u> have agreed to a consolidation for trial if both cases are to go to trial.

---

[2]This assumes that I shall be vindicated in my interpretation of sec. 6229(d).  See <u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, 114 T.C. __ , __(2000) (Halpern, <u>J.</u>, concurring in part and dissenting in part).

In Maxwell v. Commissioner, supra, we struck affected items from the petition for lack of jurisdiction to determine those items.  We made specific reference to section 6229(a) as extending the period of limitations for assessing tax attributable to affected items.  See id. at 791 n.6, 793.  In addition, after stating that resolution of the affected items "must await the outcome of the partnership proceeding", we observed:  "Apparently, in these circumstances respondent may issue a second notice of deficiency to the partner determining an additional deficiency attributable to 'affected items.'"  Id. at 792.  We also noted that the Commissioner and the tax matters partner had agreed to extend the section 6229(a) period for assessing any tax attributable to any partnership item or affected item.  See sec. 6229(b); Maxwell v. Commissioner, supra at 786.  Thus, in Maxwell, we recognized that the Commissioner suffered no serious disadvantage on account of our striking the affected items from the petition.  If the Commissioner had issued the FPAA before the extended section 6229 period expired, that period would have been suspended as provided for in section 6229(d).  Moreover, the Commissioner was not prevented from issuing another notice of deficiency.  See sec. 6230(a)(2)(C).

If, as I have concluded, the FPAA issued in Rhone-Poulenc did not suspend the section 6501(e)(1)(A) limitations period (assuming it is ultimately found to be applicable in this case),

this case does not fit within the statutory pattern that applied in Maxwell v. Commissioner, supra, because the section 6229 3-year minimum period has already expired.  If we strike the affected items from the petition in this case (leaving no deficiency in tax for redetermination), invalidate the notice, and dismiss the case in petitioner's favor, we are, in effect, deciding the partnership case in favor of the participating partner.  Stated another way, the substantive dispute in the partnership case would already have become moot because respondent would be precluded from assessing any computational adjustments.[3]  That possibility leads me to reject the majority's adoption of the Maxwell rationale that Congress intended a full resolution of partnership items before any affected items notice of deficiency could validly be issued.

In the Maxwell line of cases, we held the notice of deficiency to be "invalid" and dismissed the petition for lack of jurisdiction on the ground that the notice and the petition, to the extent they involved affected items, were premature because

_____

[3] In this case, the 6-year period provided for in sec. 6501(e)(1)(A) had only 3 days to run when respondent issued the statutory notice and, concurrently, issued to the tax matters partner the final partnership administrative adjustment (FPAA). But even in a case where the FPAA was issued months, or even years, prior to the expiration of the applicable sec. 6501 period of limitations, unless within the minimum period of sec. 6229(a), the Commissioner, in order to suspend the sec. 6501 period, may have to issue a notice of deficiency before the FPAA is resolved.

the partnership-level proceeding had not as yet been completed. In my view, the approach taken by the Court in those cases represented no more than a rational and convenient method of separating and ordering the partnership and partner-level proceedings. It was not mandated, however, by the absence of a final decision on the merits in the partnership proceeding. Nothing in the statute predicates our jurisdiction to redetermine deficiencies attributable to affected items requiring partner-level determinations on such finality. See supra sec. III.A. Indeed, we have easily found within our jurisdiction the redetermination of deficiencies attributable to affected items requiring partner-level determinations that were independent of a partnership-level proceeding. See Jenkins v. Commissioner, 102 T.C. 550 (1994); Roberts v. Commissioner, 94 T.C. 853 (1990). The notice of deficiency is valid, and we have no grounds to dismiss for lack of jurisdiction. In a Maxwell type of case, I would simply postpone consideration of the affected items until it was appropriate to consider them.[4]

---

[4] The circumstances of this case are analogous to those in which our jurisdiction over a tax controversy is stayed by the taxpayer filing a petition in bankruptcy. Until the close of the bankruptcy case, or earlier lifting of the stay, we suspend (and do not terminate) our consideration of the case. See 11 U.S.C. sec. 362 (1994); Freytag v. Commissioner, 110 T.C. 35, 39 (1998).

IV.  Conclusion

Congress enacted the TEFRA partnership provisions to separate the determination of partnership items from the determination of nonpartnership items.  Nevertheless, it bears remembering that the partnership pays no tax, and it is the partners' tax liabilities that are at stake.  The partners are obligated to pay the correct tax and are entitled to contest any computational adjustment requiring partner-level determinations in this Court.  Without a clear indication of congressional purpose, we should not construe the statute so as to allow the partners to avoid a computational adjustment that ultimately may prove to be justified on the merits.  I would overrule Maxwell v. Commissioner, 87 T.C. 783 (1986), and the cases that have followed it, to the extent that they hold that we lack subject matter jurisdiction to redetermine a deficiency in tax attributable to affected items until the related partnership proceeding (if any) is completed.

WHALEN and BEGHE, JJ., agree with this dissent.