T.C. Memo. 2006-262


UNITED STATES TAX COURT


DAVID SOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15652-05.                    Filed December 11, 2006.


<u>Martin A. Schainbaum</u> and <u>Esther W. Chang</u>, for petitioner.

<u>Gerald A. Thorpe</u> and <u>Paul R. Zamolo</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency is invalid and prohibited by section 6225.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

Petitioner resided in San Francisco, California, at the time that he filed his petition.

A Notice of Final Partnership Administrative Adjustment (FPAA) was issued by respondent for the tax year ended November 22, 1999, with respect to Alverstone Strategic Investment Fund, L.L.C. (Alverstone SIF), on December 17, 2004. Because Alverstone SIF is a purported partnership with more than 10 partners and its first taxable year commenced after September 3, 1982, it is subject to the unified audit and litigation procedures of sections 6221-6234 (commonly known as TEFRA). The validity of the partnership is a matter of dispute between the parties. The use of terms in this opinion, for purposes of the pending motion, does not express any view on the validity of any of the entities mentioned. See Oceanic Leasing v. Commissioner, T.C. Memo. 1996-458; see also sec. 6233; sec. 301.6233-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6795 (Mar. 5, 1987).

Voltaire L.L.C. (Voltaire) is a notice partner of Alverstone SIF within the meaning of section 6231(a)(8) because Voltaire held an interest in Alverstone SIF during 1999. Therefore, a copy of the FPAA was sent to and received by Voltaire.

A petition was filed with respect to the FPAA by Presidio Growth, L.L.C. (Presidio), tax matters partner of Alverstone SIF,

in <u>Sixty-Three Strategic Inv. Funds v. United States</u>, at Case No. 3:05-cv-01123-VRW, in the U.S. District Court for the Northern District of California, San Francisco, on March 17, 2005 (District Court case).  Petitioner, on behalf of Voltaire, filed a petition with respect to the FPAA in the Tax Court on May 13, 2005, titled <u>Alverstone Strategic Inv. Fund, L.L.C., Voltaire L.L.C., A Partner Other Than the Tax Matters Partner v. Commissioner</u> (docket No. 8753-05).

The Government filed a motion to dismiss for lack of jurisdiction in the District Court case.  Presidio filed a notice of election to intervene and a motion to dismiss for lack of jurisdiction in the Tax Court case at docket No. 8753-05 on January 17, 2006.  The District Court case has been stayed until at least January 16, 2007, because of the pendency of a criminal tax case in the District Court for the Southern District of New York involving certain principals of Presidio.  The Tax Court case at docket No. 8753-05 has been held in abeyance pending resolution of the related District Court litigation.

A statutory notice of deficiency with respect to his 1999 tax year was sent to petitioner on June 27, 2005.  Respondent determined a deficiency of $1,714,353 for that year.  In the notice of deficiency, respondent made adjustments to petitioner's income as follows:

| 1.a. | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| Capital Gain or Loss | $857,501 | $870,420 | $12,919 |

A.  It is determined that cash distributions you received as a result of the liquidation of the interest owned by Voltaire Trust and/or Ampersand Management Company Inc. (hereinafter "Ampersand") through Voltaire LLC in Alverstone Strategic Investment Fund LLC (hereinafter "SIF LLC (Partnership)") during the taxable year from the SIF LLC (Partnership), exceeded your basis by the amount of $9,462.  This results in a short-term capital gain.  * * *

B.  We have adjusted your flow through net capital loss from the SIF LLC (Partnership).  * * *

　　　　*　　　*　　　*　　　*　　　*　　　*　　　*

C.  Alternatively, you have failed to establish that your losses meet the requirements of the IRC, including, but not limited to, IRC §§ 165 and 465.

| 1.b. | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| Itemized Deductions | 406,003 | 130,284 | 275,719 |

We have adjusted your itemized deductions * * *.

<u>Overall Limitation</u>:  An individual whose adjusted gross income exceeds a threshold amount must reduce the amount of allowable itemized deductions by three percent of the excess over the threshold amount.  The 1999 threshold is $126,600 for filing status head of household.

<u>Investment Interest Expense from SIF LLC (Partnership)</u>: Interest expense claimed in the amount of $119,240 for the taxable year December 31, 1999 did not meet the requirements for deduction under the Internal Revenue Code * * *

　　　　*　　　*　　　*　　　*　　　*　　　*　　　*

<u>Miscellaneous Itemized Deductions</u>:  Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income.  Since we have made

other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.
* * *

| 1.c | PER EXAM | PER RETURN | ADJUSTMENT |
|---|---|---|---|
| Interest Income Earned by Voltaire LLC | $12,646 | $0 | $12,646 |

Interest income from Deutsche Bank earned by Voltaire LLC is taxable to you per IRC 61(a)(4).  * * *

| 1.d | PER EXAM | PER RETURN | ADJUSTMENT |
|---|---|---|---|
| Ordinary Income (Loss) from Ampersand Management Company, Inc, Schedule K-1, Line 1 | $4,648,164 | $744,975 | $3,903,189 |

We have adjusted your net gain (or loss) from the sale or exchange of assets shown on Ampersand Management Company Inc (Form 1120S), as shown in the accompanying computation:

| | Amount Realized per Exam | Basis per Exam | Gain/Loss per Exam | Gain/Loss per Return | Adjustment |
|---|---|---|---|---|---|
| A  Sale of Euros | 3,219 | 0 | 3,219 | (3,899,970) | 3,903,189 |

* * *

You have not established your basis in the Euros sold, and in any asset you received from SIF LLC (Partnership).  * * *

A.   It is determined that the ordinary loss for the taxable year from the sale of Euros that you received as a result of the liquidation of the interest owned by The Taxpayer, the Voltaire Trust, Ampersand and/or Voltaire LLC in SIF LLC (Partnership) is disallowed because you overstated your basis in the asset[s] sold in the amount of $3,903,189.  * * *

*     *     *     *     *     *     *

```
1.e                     PER EXAM   PER RETURN    ADJUSTMENT
Other Income (loss)       $0       ($26,992)      $26,992
 from Ampersand
 Management Company
 Inc, Schedule K-1,
 Line 6
```

SIF LLC (Partnership) losses claimed by you for the Hong Kong dollar forward contract, Argentine peso forward contract and Japanese Yen option in the amount of $26,992 for the taxable year did not meet the requirements for deduction under the IRC, including but not limited to section 165 and 465.  * * *

```
1.f                     PER EXAM   PER RETURN    ADJUSTMENT
Other Deductions          $0       ($107,250)     $107,250
 from Ampersand
 Management Company
 Inc, Schedule K-1,
 Line 10 - Management Fee
```

```
1.g                     PER EXAM   PER RETURN    ADJUSTMENT
Other Deductions          $0       ($25,732)      $25,732
 from Ampersand
 Management Company
 Inc, Schedule K-1,
 Line 10 - Loan Breakage Fee
```

```
1.h                     PER EXAM   PER RETURN    ADJUSTMENT
Other Deductions          $0        ($2,644)       $2,644
 from Ampersand
 Management Company
 Inc, Schedule K-1,
 Line 10 - Guaranteed Payment
```

```
1.i                     PER EXAM   PER RETURN    ADJUSTMENT
Other Deductions          $0        ($9,601)       $9,601
 from Ampersand
 Management Company
 Inc, Schedule K-1,
 Line 10 - Bank Fee
```

The * * * items were treated as reductions to your basis in assets distributed to you by SIF LLC (Partnership).  * * *  Since these expenses did not meet the requirements for a deduction under the IRC including, but not limited to, the requirements under

IRC §§ 162, 164, 165, 183, 212, or any other IRC section, they are not allowed as other deductions.

On August 23, 2005, petitioner filed his petition in response to the notice of deficiency.  On May 30, 2006, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the statutory notice of deficiency was invalid and prohibited by section 6225.  Respondent's position is that jurisdiction exists in either the District Court case or in docket No. 8753-05, but not both, and not in this case.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress.  See sec. 7442; see also GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000).  We have jurisdiction to redetermine a deficiency if a valid notice of deficiency is issued by the Commissioner and if a timely petition is filed by the taxpayer.  GAF Corp. & Subs. v. Commissioner, supra at 521. We have jurisdiction in this case only if the notice of deficiency sent to petitioner was valid.

The partnership-level procedures prescribed in sections 6221 through 6234 require that all challenges to adjustments of partnership items are to be made in a single unified proceeding. Under these procedures, the tax treatment of any partnership item shall be determined at the partnership level.  Sec. 6221.

Under section 6226, the tax matters partner of a partnership may file a petition for a readjustment of the partnership items for such taxable year with the Tax Court, the District Court of the United States for the district in which the partnership's principal place of business is located, or the Claims Court (now Court of Federal Claims), within 90 days after the day on which a notice of an FPAA is mailed to the tax matters partner. Sec. 6226(a). If the tax matters partner does not file a readjustment petition under subsection (a) of section 6226 with respect to any FPAA, any notice partner may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable years involved with any of the courts described in subsection (a). Sec. 6226(b).

The 90-day period for the tax matters partner to file a petition in regard to the FPAA issued on December 17, 2004, expired on March 17, 2005. The 60-day period for the notice partner to file a petition in regard to the FPAA issued on December 17, 2004, expired on May 16, 2005. The dates of the petitions relating to the FPAA fall within the required periods in which a tax matters partner or a notice partner would need to file. Sec. 6226(a) and (b). However, the unresolved jurisdictional issues in those partnership cases are not determinative of the jurisdictional issue presented in this case.

Petitioner argues that, in the event the District Court action is dismissed, this Tax Court action will be the only viable action under section 6226. He then acknowledges that he "filed the subject Tax Court petition as a protective measure to ensure that he is not denied a Due Process forum in which to contest each of the proposed adjustments to his taxable income". Section 6226 pertains to petitions filed in response to an FPAA issued to a partnership. Therefore, in the event that the District Court case is dismissed for lack of jurisdiction, jurisdiction in the Alverstone SIF and Voltaire Tax Court case at docket No. 8753-05 may survive as a section 6226(b) proceeding because that petition was filed in response to the FPAA issued on December 17, 2004. See sec. 6226(b). This case, however, would not be authorized under section 6226(b) because this case was filed in response to the notice of deficiency sent to petitioner, not in response to the FPAA.

The Commissioner generally must wait until a partnership-level proceeding is over to determine a liability attributable to a partnership item. See sec. 6225(a); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). Section 6225(a) states:

> SEC. 6225(a). Restriction on Assessment and Collection.-- Except as otherwise provided in this subchapter, no assessment of a deficiency attributable to any partnership item may be made (and no levy or proceeding in any court for the collection of any such deficiency may be made, begun, or prosecuted) before--

(1) the close of the 150th day after the day on which a notice of a final partnership administrative adjustment was mailed to the tax matters partner, and

(2) if a proceeding is begun in the Tax Court under section 6226 during such 150-day period, the decision of the court in such proceeding has become final.

Additionally, the Commissioner generally must follow the deficiency procedures before assessing a liability related to a nonpartnership item such as an affected item that requires a partner-level determination. See sec. 6230(a)(2). Under section 6231(a)(3), (4), and (5), "partnership item", "nonpartnership item", and "affected item" are defined as follows:

(3) * * * The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

(4) * * * The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

(5) * * * The term "affected item" means any item to the extent such item is affected by a partnership item.

Because the tax treatment of affected items depends on partnership-level determinations, affected items cannot be tried as part of a partner's personal tax case until the resolution of the partnership proceeding. GAF Corp. & Subs. v. Commissioner, supra at 526 (citing Dubin v. Commissioner, 99 T.C. 325, 328

(1992)). Thus, the Court does not have jurisdiction to consider partnership items or affected items while a partnership proceeding is pending. GAF Corp. & Subs. v. Commissioner, 114 T.C. at 528; Maxwell v. Commissioner, supra at 788.

Petitioner acknowledges that, pursuant to section 6226, "the Court does not have jurisdiction over disputes regarding 'partnership items' and 'affected items' as those terms are defined by * * * [section] 6231(a)." Petitioner then states that "there has been no determination supporting Respondent's allegation that all of the items at issue in the case at bar are such partnership or partnership affected items", but he has provided neither reason nor authority to conclude that any items in the notice of deficiency are nonpartnership items or are not affected items requiring partnership-level determinations. The adjustments made in the notice of deficiency, as quoted above, are all attributable to adjustments to partnership items or are affected items, such as miscellaneous itemized deductions that are deductible only to the extent that they exceed a percentage of petitioner's adjusted gross income. See sec. 67(a). Petitioner claims that dismissal of this case at this time "would subject Petitioner to the possibility of immediate collection action without a prior adjudicative hearing." However, respondent has conceded, and we hold, that the notice of

deficiency is invalid.  It cannot support assessment or collection.

The notice of deficiency is invalid under section 6225 because it adjusts partnership items that may not be determined in a deficiency proceeding.  GAF Corp. & Subs. v. Commissioner, supra at 528; Maxwell v. Commissioner, supra at 789. Additionally, the notice of deficiency is further prohibited by section 6225 because it determines affected items, as defined in section 6231(a)(5), prior to the completion of the related partnership proceeding.  GAF Corp. & Subs. v. Commissioner, supra at 528.  Therefore, there is no jurisdictional basis upon which the Court may consider the adjustments in this case.

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.