T.C. Memo. 2010-154

UNITED STATES TAX COURT

THOMAS D. PORTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6131-08.                    Filed July 20, 2010.

    After P failed to file a timely return for tax
year 2005, R determined a deficiency and additions to
tax under sec. 6651(a)(1) and (2), I.R.C., for failure
to file on time and failure to pay on time,
respectively, and an addition to tax under sec.
6654(a), I.R.C., for failure to pay estimated tax.  P
subsequently prepared and filed a joint return for tax
year 2005 showing no deficiency but claiming an
overpayment derived from carryovers of unused
overpayments from prior years and requested a refund.
R conceded the deficiency and additions to tax but
denied the refund claim, arguing that credits for
unused overpayments for prior years were barred by the
statute of limitations.

    <u>Held</u>:  P is not entitled in these proceedings to a
refund for tax year 2005 on account of a claimed
overpayment arising from unused overpayments for prior
years because the timeliness of the claims for credit
for the unused overpayments is in dispute.

Held, further, the Court has no jurisdiction to consider the timeliness of the claims for credit for unused overpayments for tax years not properly before it.


Gerald L. Brantley and William R. Leighton, for petitioner.

Jeffrey D. Heiderscheit and T. Richard Sealy III, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for redetermination of an alleged 2005 Federal income tax deficiency, additions to tax under section 6651(a)(1) for failure to file on time and section 6651(a)(2) for failure to pay on time, and an addition to tax under section 6654(a) for failure to pay estimated tax.[1]  Respondent has conceded the deficiency and the additions to tax.  The sole issue for decision is whether petitioner is entitled to a refund resulting from a claimed overpayment that arises from unused overpayments from prior years.  Taking and receiving credit for the claimed overpayments, according to respondent, is barred by the statute of limitations.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable year at issue.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Texas at the time he filed the petition.

Petitioner, who received an M.B.A. in finance from the University of North Dakota in 1975, is self-employed as an investment adviser and specializes in selling mortgage-backed securities. Petitioner holds licenses to sell insurance, commodities, futures, and securities. He provides his investment services through firms that are members of the National Futures Association, the futures industry's regulatory authority.

Petitioner is married, and his wife is employed and has income tax withheld from her income. Petitioner and his wife make estimated tax payments toward their tax liabilities.

Petitioner has exhibited a pattern, going back to at least 2000, of late filing of income tax returns that is, in part, a result of financial transactions which tend to cause carryovers to subsequent tax years. Petitioner did not timely file his individual income tax returns for tax years 2002, 2003, 2004, and 2005, even after taking into consideration the extensions of time to file to October 15 of the following year which were granted as to each of the four returns.

Though he received an extension of time until October 15, 2006, to file his 2005 return, petitioner failed to make such a filing for over a year after that date.  On April 24, 2007, respondent mailed to petitioner a notice of an absence of any record of petitioner's 2005 return having been received.  On September 3, 2007, respondent filed a substitute for return for petitioner's 2005 tax year.  Finally, on December 14, 2007, respondent issued petitioner a statutory notice of deficiency determining an alleged income tax deficiency for tax year 2005 of $223,688 and the following additions to tax: $50,123.93 under section 6651(a)(1) for failure to file on time; $21,163.44 under section 6651(a)(2) for failure to pay on time; and $8,931.72 under section 6654(a) for failure to pay estimated tax.

Petitioner timely filed a petition with this Court on March 12, 2008, requesting a trial in San Antonio, Texas.  In the petition, petitioner disputed the asserted deficiency and argued that respondent had "failed to include a pre-payment credit in the amount of $172,083.07, and deductions, expenses, credits and other tax benefits that Petitioner is entitled to".  The petition further stated that a "joint return is being prepared" and promised that when such return is filed, "it will show an overpayment of income tax, not a deficiency".

Petitioner eventually submitted a joint income tax return for tax year 2005, bearing a signature date of April 8, 2008, to

respondent's counsel sometime after April 7, 2008. The return showed a total Federal income and self-employment tax liability for 2005 of $177,864.44 and an overpayment of $171,081.59, all of which petitioner requested be refunded to him. This overpayment arises, in part, because of a claimed payment of $281,083.07, consisting of "2005 estimated tax payments and an amount applied from 2004 return". Respondent has accepted this return as filed, "aside from payment credits carried forward from prior years", and conceded "that Petitioner has no tax deficiency for tax year 2005. Accordingly, Petitioner is not liable for additions to tax for tax year 2005 under I. R. C. §§ 6651 or 6654." A trial was held in San Antonio, Texas, on February 25, 2009, to determine whether petitioner is entitled to a refund of the alleged overpayment of $171,081.59 as shown on his delinquent 2005 tax return.

## OPINION

At the trial and in his posttrial briefs and other filings petitioner traces the claimed payment of $281,083.07 to unused credits from tax years 2002, 2003 and 2004. Respondent acknowledges that "Petitioner's tax payments made toward his 2004 tax year * * * may be claimed" but argues that credit for overpayments relating to tax years 2002 and 2003 is now barred by the period of limitations prescribed in section 6511(b), the so-called lookback rule. Respondent claims that "Petitioner filed a

joint return for 2002 on April 7, 2008" and for 2003 on February 15, 2008. If the 2002 and 2003 tax returns were in fact filed on these dates, section 6511(b)(2)(A) will apply. That section limits the "amount of the credit" to an amount not to "exceed the portion of the tax paid within * * * 3 years plus the period of any extension of time for filing the return." That limitation would deny petitioner any credit for payments made towards, and in excess of, his 2002 and 2003 tax liability.[2]

Petitioner disagrees with respondent on when he filed his 2002 and 2003 returns. Petitioner claims he "filed his 2002 Form 1040 on February 10, 2006, a date within three years of the due date" and "his 2003 Form 1040 on September 10, 2007, a date within three years of the due date". If petitioner is correct about the dates when these two returns were filed, then the entire amount of overpayment in each of the tax years 2002 and 2003 would be available as a credit in tax year 2005, since both the 2002 and 2003 returns requested the respective overpayment to be carried forward to the succeeding year.

The disagreement between respondent and petitioner on the filing dates for petitioner's 2002 and 2003 returns results from their dispute over what constituted the filing of those returns.

---

[2]Because petitioner does not claim to have made any payments with respect to his tax years 2002 and 2003 after the respective dates on which the returns for those years were originally due, the 2-year lookback period of sec. 6511(b)(2)(B) would also not help him.

Petitioner admits that he "did not mail his 2002 Form 1040 to the IRS". Instead, petitioner states that he "delivered his 2002 Form 1040 to IRS Agent Gutierrez on September 16, 2005". Similarly, "Petitioner did not mail his 2003 Form 1040 to the IRS". Rather, "he delivered it to the office of IRS Agent Gutierrez." Respondent contends that "even if Petitioner had hand-delivered his returns as he alleges, that hand-delivery would not have constituted filing within the meaning of the Internal Revenue Code".

Petitioner urges us to find that his 2002 and 2003 returns "were filed when he hand-carried them to agents of the IRS as instructed. Moreover, he delivered each return within three years of the due date (including extensions). Hence, Petitioner is entitled to refund of the overpayment claimed on his 2005 Form 1040." Respondent, on the other hand, points out that "The claimed overpayment in question is in fact derived from carryovers of overpayments from prior tax years. Without overpayments in those prior, non-petitioned tax years, there can be no carryover to the petitioned year." Respondent asserts that we have "no jurisdiction to determine the existence of or refundability of any overpayments due to Petitioner for any year other than 2005".

We agree with respondent. We are a court of limited jurisdiction and may exercise our jurisdiction only to the extent

provided by Congress.  See sec. 7442; see also <u>GAF Corp. & Subs.
v. Commissioner</u>, 114 T.C. 519, 521 (2000).  Our jurisdiction to
redetermine a deficiency is premised on the issuance of a valid
notice of deficiency followed by a timely filing of a petition.
See <u>GAF Corp. & Subs. v. Commissioner</u>, <u>supra</u> at 521.  Once
validly exercised, our "jurisdiction extends to the entire
subject matter of the correct tax for the taxable year", <u>Naftel
v. Commissioner</u>, 85 T.C. 527, 533 (1985), including the
taxpayer's claim of an overpayment of tax, see sec. 6512(b)(1).
However, section 6512(b)(3) circumscribes the grant of our refund
jurisdiction under section 6512(b)(1) by the lookback rule of
section 6511(b).  <u>Allen v. Commissioner</u>, 99 T.C. 475, 476-477
(1992), affd. without published opinion 23 F.3d 406 (6th Cir.
1994).

In determining the correct tax for the taxable year, section
6214(b) allows us to "consider such facts with relation to the
taxes for other years * * * as may be necessary", but explicitly
deprives us of "jurisdiction to determine whether or not the tax
for any other year * * * has been overpaid or underpaid."

We have previously construed section 6214(b) as granting us
the authority for "computing, as distinguished from
'determining,' the correct tax liability for a year not in issue
when such a computation is necessary to a determination of the
correct tax liability for a year that has been placed in issue."

Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975). Thus, we have exercised this grant of authority in considering adjustments such as net operating losses relating to nondeficiency years.  See Hill v. Commissioner, 95 T.C. 437 (1990); Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 275 (1990); State Farming Co. v. Commissioner, 40 T.C. 774, 783 (1963).

However, petitioner asks us to do much more than merely compute the correct tax liability for a nondeficiency year.  He exhorts us to order a refund for the deficiency year based on a finding of an overpayment that, in turn, results from crediting overpayments from nondeficiency years that according to petitioner remained unused and for which he timely claimed credit.  We read section 6214(b) as preventing us from doing so. See Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-421 (1943) (decided under the predecessor of present section 6214(b)).

Petitioner has not been issued a notice of deficiency for tax year 2002, 2003, or 2004.  The only tax year before us is 2005.  Deciding whether petitioner may carry forward unused overpayments from his tax years 2002 and 2003 to his tax year 2005 would require us to make the following determinations:  That such overpayments were in fact made and remained unused; that

petitioner's hand delivery of his 2002 and 2003 tax returns constituted the filing of such returns; and that such filings were timely under the lookback rule of section 6511(b).  However,

> the jurisdiction of this Court under section 6512(b)(1) with respect to determining an overpayment is limited to the taxable year before the Court.  Because the * * * [years 2002 and 2003 are] not before the Court, we have no jurisdiction to determine whether petitioner * * * in fact overpaid * * * [his 2002 and 2003] taxes, and, if so, whether such overpayment may be credited, refunded, or applied to the * * * [2005] tax year, which is before the Court in this proceeding.

Patronik-Holder v. Commissioner, 100 T.C. 374, 377 (1993).  We lack jurisdiction to make the determinations that are a prerequisite for ruling favorably on petitioner's claim for refund for tax year 2005.  Therefore, we hold that petitioner is not entitled to any refund for tax year 2005 in these proceedings.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate decision
will be entered.