NIKLAS & JULIA SCHMID JANSSON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jansson v. Comm'r
Docket No. 3206-10.
United States Tax Court
2012 U.S. Tax Ct. LEXIS 59; January 24, 2012, Entered
*59 For Petitioner: Bruce Michael O'Brien, Fletcher & Mack, San Diego, CA; Laura L. Buckley, Higgs, Higgs, Fletcher & Mack, LLP, San Diego, CA.
For Respondent: Anna A. Long, Monica D. Polo, Monica D. Polo, Blake W. Ferguson, San Diego, CA; Jordan S. Musen, Kris H. An, Thousand Oaks, CA.
David Laro, Judge.
David Laro
ORDER OF DISMISSAL
This case is set for trial at a Trial Session of the Court scheduled to commence in San Diego, California, on March 19, 2012. On November 15, 2011, the Court filed petitioners' motion to dismiss this case for lack of jurisdiction. On December 5, 2011, the Court filed respondent's motion to dismiss this case on the grounds that the notice of deficiency is invalid and that the Court lacks jurisdiction to hear this case. Unless otherwise indicated, section references are to the Internal Revenue Code.
Petitioners, individually or through a Roth individual retirement account, owned a membership interest in Block Developers, LLC (LLC) at all relevant times. For each of the years 2005 through 2007, LLC was subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648. On December 11, 2009, respondent issued to *60 petitioners a notice of deficiency determining for 2007 an excise tax under section 4973, a penalty under section 6662A, and additions to tax under sections 6651(a)(1) and (2). The excise tax, the penalty, and each of the additions to tax relate to petitioners' interest in LLC. Petitioners petitioned the Court in response to the notice of deficiency on February 3, 2010.
After the notice of deficiency was issued, the Commissioner issued to LLC a notice of final partnership administrative adjustment (FPAA) for 2005 and 2006 on December 22, 2009. LLC's tax matters partner petitioned the Court in response to the FPAA on February 3, 2010, and the Court docketed that case at docket No. 3198-10. The parties assert that the Court lacks jurisdiction over this case because the underlying notice of deficiency involves partnership or affected items and was issued before the partnership-level proceeding was completed. We agree with the parties and will dismiss this case for lack of jurisdiction.
Under the TEFRA partnership provisions, the income tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) is ordinarily determined in a single *61 partnership-level proceeding. See sec. 6221. In general, the Commissioner may not assess a deficiency attributable to the adjustment of a partnership item until the adjustments in the FPAA become final (i.e., after they are unchallenged for 150 days or are resolved by this Court in a proceeding under section 6226). See sec. 6225. In GAF Corp. v. Commissioner, 114 T.C. 519, 528 (2000), we explained that "we lack jurisdiction over affected items in a notice of deficiency that was issued prior to the completion of the related TEFRA partnership proceeding because, to the extent the notice is based on affected items, such a notice is invalid." We find GAF Corp. directly on point.
The underlying notice of deficiency in this case was issued before the FPAA and prior to completion of the partnership-level proceeding. The excise tax, the penalty, and each of the additions to tax determined in the notice of deficiency depend upon partnership-level determinations. The parties assert, and we conclude, that each of the determinations in the notice of deficiency are more appropriately determined at the partnership level. See sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin Regs. (partnership items include items of income, gain, loss, deduction, or credit); sec. 301.6231(a)(5)-1(e)(2), Proced. & Admin Regs. (affected *62 items include penalties, additions to tax, and additional amounts). On the basis of the foregoing, we conclude that the underlying notice of deficiency is invalid and that we lack jurisdiction. Accordingly, it is
ORDERED that respondent's motion to dismiss for lack of jurisdiction is granted in that this case is dismissed. It is further
ORDERED that petitioners' motion to dismiss is hereby deemed moot.
/s/ David Laro
Judge
Entered: JAN 24 2012