129 T.C. No. 2


UNITED STATES TAX COURT


GARY R. FEARS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21508-05.                    Filed August 2, 2007.


R determined, in a notice of final partnership
administrative adjustment, that P was liable for sec.
6662(a) and (h), I.R.C. penalties.  R sent P a notice
of deficiency and assessed the penalties against P.  P
filed a petition with this Court and asserted a
partner-level defense relating to the penalties.  R
filed a motion to dismiss for lack of jurisdiction and
contended that the Court lacks jurisdiction to
determine whether P is liable for the penalties.

<u>Held</u>:  This Court lacks jurisdiction to determine
whether P is liable for the penalties.  Secs. 6221,
6230(a)(2)(A)(i), I.R.C.


<u>Anthony G. Tumminello</u>, for petitioner.

<u>John J. Boyle</u>, for respondent.

## OPINION

FOLEY, Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike.  The issue for decision is whether the Court has jurisdiction to determine whether petitioner is liable for section 6662(a) and (h)[1] penalties relating to 2001.

## Background

On October 27, 2000, Gateway Investment Partners (Gateway) was formed.  GF Gateway Investments LLC (GFG) and GF Investors Inc. (GFI), an S corporation, owned 99 percent and 1 percent of Gateway, respectively.  Petitioner was the sole member of GFG and the sole shareholder of GFI.

On November 21, 2000, GFG sold two foreign currency options (the short options) to Deutsche Bank for $4,950,000 and purchased two foreign currency options (the long options) from Deutsche Bank for $5 million (collectively, the option positions).  On November 22, 2000, GFG contributed the option positions to Gateway in return for its interest in Gateway.  On December 7, 2000, Gateway paid $20,000 for €22,264.28.  On December 13, 2000, the option positions terminated and were not exercised.  On December 21, 2000, GFG transferred to GFI its 99-percent interest in Gateway.  On that same day, the euro were transferred from

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Gateway to GFI and Gateway was dissolved.  On December 22, 2000, GFI sold the euro for $20,573.

On September 6, 2001, Gateway filed a Form 1065, U.S. Return of Partnership Income, relating to the tax year beginning October 27, 2000, and ending December 21, 2000.  The Form 1065 showed distributions of property other than money in the amount of $5,020,000 (i.e., the $5 million paid for the long options and the purchase price of the euro).  On June 28, 2001, GFI filed a Form 1120S, U.S. Income Tax Return for an S Corporation, relating to 2000.  The Form 1120S showed a $4,999,427 loss relating to foreign currency (i.e., a purported basis of $5,020,000 in the foreign currency and a $20,573 amount realized).

On October 22, 2001, petitioner filed his 2000 Federal tax return and reported a net operating loss of $4,146,903 relating to GFI's foreign currency loss.  On August 12, 2002, petitioner filed his 2001 Federal tax return and reported a net operating loss of $4,146,903 and an overall loss of $2,948,966.  On June 28, 2004, respondent sent Gateway, GFG, and GFI Notices of Final Partnership Administrative Adjustment (FPAAs) relating to 2000. On November 26, 2004, petitioner filed a petition relating to the FPAA issued to Gateway.  The Court, however, dismissed that petition because it was not filed by a proper party.

On August 10, 2005, respondent sent petitioner a notice of deficiency relating to 2001.  Respondent disallowed petitioner's

$4,146,903 net operating loss, $156,192 loss relating to legal fees, and $227 Schedule C, Profit or Loss From Business, loss relating to GFG. Respondent also determined that petitioner was liable for an accuracy-related penalty and a gross valuation misstatement penalty pursuant to section 6662(a) and (h), respectively.

On November 14, 2005, petitioner, while residing in Collinsville, Illinois, filed his petition with the Court. On November 23, 2005, respondent assessed the penalties against petitioner relating to 2001. On January 12, 2007, the Court filed respondent's motion to dismiss for lack of jurisdiction and to strike relating to the penalties. On February 12, 2007, the Court filed petitioner's objection to respondent's motion to dismiss.

## Discussion

Respondent contends that the Court lacks jurisdiction to determine whether petitioner is liable for the section 6662(a) and (h) penalties. The Tax Court is a Court of limited jurisdiction, and we may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Section 6230(a)(2)(A)(i) provides that deficiency proceedings apply to affected items which require partner level determinations other than penalties that relate to adjustments to partnership items. In the Taxpayer Relief Act of 1997, Pub. L.

105-34, sec. 1238(a), 111 Stat. 1026 (1997 TRA), Congress amended section 6221 to provide that the applicability of any penalty (including an accuracy-related penalty) which relates to an adjustment of a partnership item shall be determined at the partnership level.[2] See sec. 6221.[3] The 1997 TRA further provides that a partner may assert a partner-level defense to a penalty in a refund forum. See H. Conf. Rept. 105-220, at 685 (1997), 1997-4 C.B. (Vol. 2) 1457, 2155; sec. 301.6221-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6781 (Mar. 5, 1987), amended by T.D. 8808, 1991-1 C.B. 682, Jan. 25, 1999.

The notice of deficiency includes penalties that were determined at the partnership level relating to Gateway's taxable year ending December 21, 2000. Accordingly, the Court lacks jurisdiction to redetermine the applicability of the penalties. Sec. 6221.

Contentions we have not addressed are irrelevant, moot, or meritless.

---

[2] The 1997 TRA applies to partnership taxable years ending after Aug. 5, 1997. 1997 TRA sec. 1238(c), 111 Stat. 1027.

[3] Prior to the 1997 TRA, penalties could only be redetermined in a partner-level proceeding. N.C.F. Energy Partners v. Commissioner, 89 T.C. 741 (1987); See H. Conf. Rept. 105-220, at 685 (1997), 1997-4 C.B. (Vol. 2) 1457, 2155.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.