129 T.C. No. 10

UNITED STATES TAX COURT

COLIN P. MURPHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 656-06.                    Filed September 26, 2007.

        P, an individual, is the sole beneficiary of an
irrevocable trust (T) which owns a 13-percent interest
in a general partnership (O).  With respect to O's 2000
taxable year, R mailed a notice of a final partnership
administrative adjustment (FPAA) to P, rather than to
T, for the purpose of meeting the notice requirement of
sec. 6223(a), I.R.C.  When the FPAA was mailed, R
possessed readily available information relating to the
2000 Federal tax returns of P, T, and O.  Those returns
reported P's name, address, and indirect (through T)
profits interest in O.
        <u>Held</u>:  Pursuant to sec. 6223(c)(3), I.R.C., and
sec. 301.6223(c)-1T(f), Temporary Proced. & Admin.
Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987), R's mailing of
the FPAA to P, readily identified in R's records as an
"indirect partner" of O within the meaning of sec.
6231(a)(10), I.R.C., met the notice requirement of sec.
6223(a), I.R.C.

Albert L. Grasso, Joseph A. Zarlengo, and David B. Shiner, for petitioner.

John J. Boyle, for respondent.


OPINION


LARO, Judge:  This case is a Son-of-BOSS case submitted to the Court fully stipulated pursuant to Rule 122.[1]  See generally Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007), and Notice 2000-44, 2000-2 C.B. 255, for a general description of Son-of-BOSS cases.  Petitioner petitioned the Court on January 9, 2006, to redetermine respondent's determination of a $444,063 deficiency in petitioner's 2000 Federal income tax and a $177,625.20 accuracy-related penalty under section 6662.  The determinations were contained in an affected items notice of deficiency mailed to petitioner on October 11, 2005, relating to respondent's adjustments in a notice of final partnership administrative adjustment (FPAA) issued for the 2000 taxable year of a general partnership named Ovation Trading Partners (Ovation).

In an order dated November 1, 2006, the Court granted respondent's motion to dismiss this case for lack of jurisdiction

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.

to the extent that petitioner requested a redetermination of respondent's adjustments to Ovation's partnership items and of respondent's determination on the applicability of section 6662.[2] As stipulated by the parties, the sole issue remaining for decision is whether the FPAA sent to petitioner for Ovation's 2000 taxable year met the notice requirement of section 6223(a).[3] If the notice requirement was met, then petitioner concedes liability for the deficiency determined in the affected items notice of deficiency. We hold that the notice requirement was met.

## Background

All facts were stipulated or contained in the exhibits submitted with the parties' stipulation of facts. Those stipulated facts and exhibits are incorporated herein by this reference. Petitioner was born on October 16, 1985, and he resided at 4 Carlisle Drive, Oak Brook, Illinois (Oak Brook address), at all relevant times. His father, Kevin Murphy, also resided at the Oak Brook address during those times.

On March 16, 1995, petitioner's uncle (Michael Murphy), petitioner's accountant (Lester Detterback), and Kevin Murphy formed the Collin Murphy Trust (CM Trust) for the sole benefit of

---

[2] The Court also ordered stricken the paragraphs of the petition that related to the same.

[3] Petitioner raised this issue in an amended petition filed with the Court on Nov. 30, 2006.

petitioner.[4]  The CM Trust agreement stated that CM Trust was irrevocable.  The CM Trust agreement also stated that Kevin Murphy was CM Trust's settlor and that Michael Murphy and Lester Detterback were CM Trust's trustees.

Ovation is an Illinois general partnership that was formed on October 27, 2000, and that was liquidated on December 20, 2000.  Ovation's listed owners were four single-member limited liability companies (LLCs).  The LLCs, their members, and their interests in Ovation were as follows:

| LLC | Member | Interest |
| --- | --- | --- |
| Fender Trading, LLC | Kevin Murphy | 68% |
| CPM Gibson Trading, LLC | CM Trust | 13 |
| Martin Trading, LLC | Christopher Murphy Trust | 13 |
| Ibanez Trading, LLC | Michael Murphy | 6 |

On August 31, 2001, petitioner filed his 2000 Federal income tax return.  The return reported CM Trust's tax attributes (e.g., income and deductions) as if CM Trust was petitioner's grantor trust; i.e., the return reported the items as if they had been realized directly by petitioner.  On September 9, 2001, CM Trust filed a 2000 Form 1041, U.S. Income Tax Return for Estates and Trusts, reporting that CM Trust was petitioner's grantor trust for Federal income tax purposes.  The trust return included a "GRANTOR LETTER" identifying petitioner as the grantor of CM Trust and stated on its face that "UNDER THE TERMS OF THE TRUST

---

[4] The CM Trust agreement lists petitioner's name with two "l"s instead of one.

INSTRUMENT, THIS IS A GRANTOR TRUST.  IN ACCORDANCE WITH SECTIONS 671-678 IRC, 1986, ALL INCOME IS TAXABLE TO THE GRANTOR. STATEMENTS OF INCOME, DEDUCTIONS AND CREDITS ARE ATTACHED."  The trust return also reported that CM Trust was a partner in Ovation.  On September 6, 2001, Ovation filed a 2000 Form 1065, U.S. Return of Partnership Income, for the period of its existence.  The partnership return reported that CM Trust was a general partner of Ovation, with a 13-percent interest.[5]  The partnership return reported that Ovation's designated tax matters partner was Kevin Murphy and that Kevin Murphy's address was the Oak Brook address.

On December 21, 2004, respondent mailed a notice of beginning of administrative proceeding (NBAP) for Ovation's 2000 taxable year to six separate addressees at the Oak Brook address. The addressees were listed as Ovation's tax matters partner, Kevin Murphy in a capacity as Ovation's tax matters partner, Michael Murphy, petitioner, and two corporations not relevant herein.  The NBAPs mailed to Ovation's tax matters partner and to Kevin Murphy in a capacity as Ovation's tax matters partner were delivered by the United States Postal Service on December 23 and

---

[5] While the partnership return reported that the 13-percent interest was owned by "COLIN MURPHY TRUST DTD 3/16/95 CPM GI", an apparent reference to the Trust and CPM Gibson Trading, LLC, a single-member limited liability company such as CPM Gibson Trading, LLC, is disregarded as an entity for Federal income tax purposes.  See sec. 301.7701-2(c)(2), Proced. & Admin. Regs.

27, 2004, respectively.  On January 25, 2005, respondent mailed the subject FPAA by certified mail to seven separate addressees at the Oak Brook address.  Those addressees were listed as Ovation's tax matters partner, Kevin Murphy in a capacity as Ovation's tax matters partner, Kevin Murphy in an individual capacity, Michael Murphy, petitioner, and the two corporations just mentioned.  Also on January 25, 2005, respondent mailed an "untimely notice letter" concerning Ovation's 2000 taxable year to five separate addressees at the Oak Brook address.  Those addressees were listed as Kevin Murphy, Michael Murphy, and petitioner, each in his individual capacity, and the two corporations just mentioned.  The untimely notice letter stated that either the NPAB or the FPAA or both were not mailed "within the time required under Section 6223(d)" and that "you have the right under Section 6223(e)(3)(B) to elect to have your items in the partnership treated as nonpartnership items * * * [by filing] a statement of the election with this office within 45 days from the date of this letter."  No such election was ever filed.

All copies of the FPAA issued were returned to respondent unclaimed, and no judicial review was timely sought in response to the FPAA.  On October 11, 2005, respondent mailed the subject affected items notice of deficiency to petitioner.

## Discussion

We decide whether the FPAA sent to petitioner met the notice requirement of section 6223(a).  Petitioner argues it did not because CM Trust, rather than petitioner, was the partner of Ovation and respondent did not mail an FPAA to CM Trust.  Respondent asserts that he had sufficient information identifying petitioner as an indirect partner of Ovation and establishing petitioner's mailing address and indirect profits interest in Ovation.  Respondent argues section 6223(c)(3) thus required respondent to mail the FPAA directly to petitioner, rather than to CM Trust.  We agree with respondent.

Section 6223(a) provides that the Commissioner must notify certain partners of the beginning and end of a partnership audit. With respect to an "indirect partner" owning an interest in the partnership through a "pass-thru partner" who would otherwise be entitled to notice, the Commissioner must give notice to the indirect partner, in lieu of the pass-thru partner, if the Commissioner is properly furnished with information as to the indirect partner's name, address, and indirect profits interest in the partnership.  See sec. 6223(c)(3); see also sec. 6231(a)(9) (defining a "pass-through partner" as "a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership"); sec. 6231(a)(10) (defining an "indirect partner" as a "person

holding an interest in a partnership through 1 or more pass-through partners"). The Commissioner's duty to give notice under section 6223(a) arises to the extent the Commissioner is furnished with readily available information containing the name, address, and profits interest of a direct or indirect partner in either or both of two ways. First, the Commissioner may be furnished the referenced information through the tax return of the partnership under audit. See sec. 6223(c)(1). Second, the Commissioner may be furnished the referenced information through a statement that meets the requirements of section 301.6223(c)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).[6] See sec. 6223(c)(2); sec. 301.6223(c)-1T(a), Temporary Proced. & Admin. Regs., supra. In addition to information that is furnished to the Commissioner in these two ways, the Commissioner may use other readily available information possessed by him. In that vein, the temporary regulations provide that the Commissioner has no obligation to

---

[6] The temporary regulations are effective for the year in issue. Effective with partnership taxable years beginning on or after Oct. 4, 2001, the Commissioner has final regulations on the subject matter at hand. See sec. 301.6223(c)-1, Proced. & Admin. Regs. The relevant provisions of the temporary regulations that are applicable herein are similar to the final regulations. The temporary regulations applicable herein are similar to the final regulations.

search his records to obtain information not provided to him under either of the ways set forth in section 6223(c)(1) and (2).[7]

When the FPAA was mailed to petitioner on January 25, 2005, respondent possessed and had sufficient readily available information establishing petitioner's name, address, and indirect profit interest in Ovation. First, on August 31, 2001, petitioner filed his personal income tax return identifying his relationship to and beneficial interest in CM Trust. Second, on September 6, 2001, Ovation filed its partnership return identifying CM Trust as a general partner in Ovation with a 13-percent interest. Third, on September 9, 2001, CM Trust filed its trust return reporting that CM Trust was petitioner's grantor trust for Federal income tax purposes and that CM Trust had a direct ownership interest in Ovation. These three returns, each of which related to petitioner or CM Trust, established a sufficient basis for respondent to conclude that petitioner, through CM Trust, had a 13-percent indirect profits interest in

---

[7] As stated in the temporary regulations:

> In addition to the information on the partnership return and that supplied on statements filed under this section, the Internal Revenue Service may use other information in its possession (for example a change in address reflected on a partner's return) in administering subchapter C of chapter 63 of the Code. However, the [Internal Revenue] Service is not obligated to search its records for information not expressly furnished under this section. [Sec. 301.6223(c)-1T(f), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).]

Ovation. Under the circumstances, respondent was permitted by the statute and regulations to mail the FPAA to petitioner, an indirect partner of Ovation, rather than to CM Trust, the direct partner through which petitioner held his interest in Ovation. See Crowell v. Commissioner, 102 T.C. 683, 692-693 (1994). We conclude that the FPAA respondent mailed to petitioner at his reported address met the notice requirement of section 6223(a) by virtue of section 6223(c)(3).

Petitioner seeks a contrary conclusion, arguing that CM Trust is a complex trust rather than a grantor trust and that a complex trust is not a "pass-thru partner" within the meaning of section 6223(c)(3). We consider this argument unavailing. For purposes of section 6223(c)(3), section 6231(a)(9) plainly defines the term "pass-thru partner" to include a "trust" that holds an interest in a partnership. We read nothing in the relevant provisions that expresses a legislative intent to limit that definition to any particular type of trust. Moreover, under the facts at hand, petitioner stated affirmatively on his personal income tax return that CM Trust was his grantor trust, and those statements were corroborated by the like position taken by CM Trust on its trust tax return. Thus, even if a distinction between a grantor trust and a complex trust was important in the application of section 6223(c)(3), a conclusion that we do not reach but which we discuss for purposes of completeness, we would

be hard pressed to hold that respondent is not entitled to rely upon tax-return information in his possession (including petitioner's own description of CM Trust) in determining how, where, and to whom to mail the FPAA.  See <u>Waring v. Commissioner</u>, 412 F.2d 800, 801 (3d Cir. 1969) (holding that statements in a tax return are admissions that are not overcome without cogent evidence that they are wrong), affg. per curiam T.C. Memo. 1968-126; <u>Estate of Hall v. Commissioner</u>, 92 T.C. 312, 337-338 (1989) (same).

Petitioner has stipulated that he will concede the correctness of respondent's determination of the income tax deficiency if the Court concludes, as we do, that respondent's mailing of the FPAA to petitioner met the notice requirement of section 6223(a).  We apply that stipulation and will enter a decision accordingly.[8]  We have considered all arguments made by

---

[8] Petitioner attempts to disregard this stipulation by arguing in brief that the Court should hold for him on equitable grounds because of his young age.  We decline to consider this argument, limiting the grounds for our decision to the single issue that the parties have placed before the Court through their stipulation.

- 12 -

petitioner for holdings contrary to those expressed herein and reject those arguments not discussed herein as irrelevant or without merit.

<u>Decision will be entered for respondent to the extent of the income tax deficiency</u>.