T.C. Memo. 2007-377

UNITED STATES TAX COURT

STONE CANYON PARTNERS, JCB STONE CANYON INVESTMENTS, LLC, TAX
MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9664-07.                    Filed December 26, 2007.

Richard E. Hodge, William E. Johnson, Steven R. Mather, and
Elliott H. Kajan, for petitioner.

Michael L. Boman, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before us on petitioner's
motion to dismiss for lack of jurisdiction pursuant to Rule
240(c) on the grounds that respondent has failed to issue a valid

notice of final partnership administrative adjustment (FPAA).[1]
Further, respondent moved to dismiss for lack of jurisdiction on
the grounds that the petition is untimely.   See generally
Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007), and
Notice 2000-44, 2000-2 C.B. 255, for a general description of the
transaction in this case.[2]

The issue for decision is whether respondent's mailing of
the FPAA met the notice requirement of section 6223(a).

### Background

Stone Canyon Partners (SCP) is a partnership, and
petitioner JCB Stone Canyon Investments, LLC (JCB), is a limited
liability company with John Bedrosian and Judith Bedrosian (the
Bedrosians) the sole members, holding their interest in JCB as
community property.[3]   JCB is the tax matters partner (TMP) of
SCP.

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

[2]  This case involves the same or related parties as in
docket Nos. 12341-05 and 24581-06.  Docket No. 12341-05 is based
on a statutory notice of deficiency sent to John and Judith
Bedrosian.  Docket No. 24581-06 is based on an affected items
notice sent to John and Judith Bedrosian.

[3]  The validity of the partnership is a matter of dispute
between the parties.  The use of terms in this opinion, for
purposes of the pending motion, does not express any view on the
validity of any of the entities mentioned.  Soward v.
Commissioner, T.C. Memo. 2006-262.

On or about October 16, 2000, SCP filed a Form 1065, U.S. Partnership Return of Income for 1999, listing 875 Stone Canyon Road, Los Angeles, California 90077-2911 (Stone Canyon) as its address. In addition, on the 1999 Form 1065, the addresses of SCP's two partners, JCB as TMP and Stone Canyon Investors, Inc. (Investors), an S corporation wholly owned by John and Judith Bedrosian as community property, were also listed as the Stone Canyon address. The address of John and Judith Bedrosian is not listed on the Form 1065 or the Schedule K-1, Partner's Share of Income, Credits, Deductions, etc. (Schedule K-1), attached to the Form 1065.

On February 2, 2005, respondent mailed a notice of beginning of administrative proceeding (NBAP) to commence a partnership audit of SCP to John C. Bedrosian at 10550 Rocco Drive, Los Angeles, California 90077-2904 (Rocco).[4]

During 2004 and 2005 respondent mailed various items to Mr. Bedrosian at the Rocco address. On August 13, 2004, the Bedrosians filed a Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return, for 2003 listing the Rocco address.

---

[4] The proper address is 10550 Rocca Place, not Rocco Drive. When informed of this address, respondent apparently transcribed it incorrectly. Mail addressed Rocco Drive instead of Rocca Place is still deliverable. Throughout this opinion, we use Rocco.

On February 18, 2005, Linda Olson (Olson), a certified public accountant to whom the Bedrosians delegated a power of attorney, sent Revenue Agent Deborah Smyth a letter informing Agent Smyth of a change of address for SCP, JCB, and Investors. Olson's letter listed 270 North Canon Drive #1209, Beverly Hills, California 90210 (North Canon), a private mailbox, as the new address. Olson did not have power of attorney for any of the entities, only for the Bedrosians as individuals.

On April 5, 2005, 3 days before the mailing of the 14 FPAAs, Olson notified Revenue Agent Smyth by telephone that the Bedrosians' mail could no longer be delivered to the North Canon address and that 2934½ Beverly Glen Circle, #419, Los Angeles, California 90077 (Beverly Glen) was the new private mailbox being used by the Bedrosians. Olson notified Revenue Agent Smyth that the Bedrosians' residence was still Rocco. As a result of the telephone conversation, Revenue Agent Smyth prepared Forms 2363, Master File Entity Change, for SCP, Investors, and the Bedrosians listing the Beverly Glen address.

On April 8, 2005, respondent mailed 14 FPAAs regarding SCP to addressees at three different addresses: (1) Stone Canyon, (2) Beverly Glen, and (3) North Canon. Petitioner did not file a petition to contest the FPAA until May 1, 2007, more than 2 years after the FPAAs had been sent. No petition to contest the FPAAs had previously been filed by any partner. The FPAAs were

addressed as follows:

Stone Canyon Partners
c/o John Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911
Attn:  JCB Stone Canyon Investments, LLC
Tax Matters Partner

Stone Canyon Partners
c/o John Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911
Attn:  Tax Matters Partner

Stone Canyon Partners
c/o John Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles, California  90077
Attn:  JCB Stone Canyon Investments, LLC
Tax Matters Partner

Stone Canyon Partners
c/o John Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles, California  90077
Attn:  Tax Matters Partner

JCB Stone Canyon Investments, LLC
c/o John Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911

Stone Canyon Investors, Inc.
c/o John Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911

John Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911

Judith Bedrosian
875 Stone Canyon Road
Los Angeles, California  90077-2911

Stone Canyon Investors, Inc.
c/o John Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles, California  90077

JCB Stone Canyon Investments, LLC
c/o John Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles California  90077

John Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles, California  90077

Judith Bedrosian
2934 ½ Beverly Glen Circle, #419
Los Angeles, California  90077

Stone Canyon Partners
270 North Canon Drive #1209
Beverly Hills, California 90210
Attn:  JCB Stone Canyon Investments, L.L.C., Tax Matters Partner

Stone Canyon Partners
270 North Canon Drive #1209
Beverly Hills, California 90210
Attn:  TMP


## Discussion

### I.  Petitioner's Motion To Dismiss

Petitioner argues that the FPAA is invalid because it was never mailed to the appropriate address, and as a result petitioner did not receive notice as required pursuant to the Code.

The standard for determining the validity of an FPAA is whether the FPAA provides adequate or minimal notice to the taxpayer that respondent has finally determined adjustments to the partnership return.  Triangle Investors Ltd. Pship. v.

Commissioner, 95 T.C. 610, 613 (1990).  Section 6223(a)
generally provides that respondent shall mail to each partner
whose name and address is furnished to the Secretary an NBAP
with respect to a partnership item, as well as notice of the
FPAA resulting from any such proceeding.  It is the mailing of
the FPAA that triggers the time periods for filing a petition
for readjustment of the partnership items by either the tax
matters partner or a notice partner under section 6226(a) and
(b).

For purposes of mailing the notices specified in section
6223(a), including an FPAA, respondent is required to use the
names, addresses, and profit interests of the partners shown on
the partnership return for the year at issue as modified by
additional information furnished to respondent by the TMP or any
other person in accordance with regulations prescribed by the
Secretary.  Sec. 6223(c)(1) and (2).  Further, section
301.6223(c)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg.
6784 (Mar. 5, 1987), provides in pertinent part:

> (a)  _In general_.  In addition to the names, addresses,
> and profits interests as shown on the partnership return,
> the Service will use additional information as provided in
> this section for purposes of administering subchapter C of
> chapter 63 of the Code.

> (b)  _Procedure for furnishing additional information_--
> (1)  _In general_.  Any person may furnish additional
> information at any time by filing a written statement with
> the Service.  However, the information contained in the
> statement will be considered for purposes of determining
> whether a partner is entitled to a notice described in

section 6223(a) only if the Service receives the statement at least 30 days before the date on which the Service mails the notice to the tax matters partner.  Similarly, information contained in the statement generally will not be taken into account for other purposes by the Service until 30 days after the statement is received.

\* \* \* \* \* \* \*

    (3)  <u>Contents of statement</u>.  The statement shall–

    (i)  Identify the partnership, each partner for whom information is supplied, and the person supplying the information by name, address, and taxpayer identification number;

    (ii)  Explain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership;

    (iii)  Specify the taxable year to which the information relates;

    (iv)  Set out the corrected or additional information, and

    (v)  Be signed by the person supplying the information.

\* \* \* \* \* \* \*

    (f)  <u>Service may use other information</u>.  In addition to the information on the partnership return \* \* \* the Service may use other information in its possession (for example, a change in address reflected on a partner's return) in administering subchapter C of chapter 63 of the Code.  However, the Service is not obligated to search its records for information not expressly furnished under this section.

As is the case with a statutory notice of deficiency, the

validity of a properly mailed FPAA is not contingent upon actual

receipt by either the tax matters partner or a notice partner. See, e.g., <u>Crowell v. Commissioner</u>, 102 T.C. 683, 692 (1994).

Respondent mailed the FPAAs to addressees at three different addresses. We must now determine whether any of the mailings was sufficient to meet the notice requirement of section 6223(a).

A. <u>Stone Canyon</u>

The Stone Canyon address is the address listed on the 1999 Form 1065 return for SCP, JCB, and Investors. Unless respondent was duly informed of a new address, sending the FPAA to the Stone Canyon address addressed to the "Tax Matters Partner" was appropriate pursuant to section 6223(a) and (c). <u>Chomp Associates v. Commissioner</u>, 91 T.C. 1069, 1073-1074 (1988). The address of John and Judith Bedrosian was not listed on the Form 1065 or the Schedule K-1 attached to the Form 1065.

SCP never updated in the prescribed manner the address that was on the partnership return for 1999. As discussed <u>supra</u>, section 301.6223(c)-1T(b)(1) and (3), Temporary Proced. & Admin. Regs., <u>supra</u>, provides the procedure for furnishing respondent with additional information. Petitioner argues that respondent mailed numerous items to Rocco and therefore was aware of the address. The mailing of correspondence does not alter respondent's obligations relating to the mailing of the FPAA. <u>Triangle Investors Ltd. Pship. v. Commissioner</u>, <u>supra</u> at 616.

Petitioner never followed the procedures outlined in the regulations for furnishing respondent with additional information pertaining to a change of address of SCP, or the TMP, JCB. As a result, the address on the 1999 Form 1065, the Stone Canyon address, was a proper address which to mail the FPAA for 1999. Id.

By mailing FPAAs to multiple addressees at multiple addresses, respondent made a good faith effort to notify all affected parties of the partnership adjustments, thus satisfying the notice requirement of sec. 6223(a). Crowell v. Commissioner, supra at 692-693.

B. Beverly Glen

On April 5, 2005, 3 days before the FPAAs were mailed, Olson telephoned Revenue Agent Smyth and informed her that the Bedrosians' address was now the Beverly Glen address. Olson stated that she informed respondent of the Beverly Glen address but told respondent that the Rocco address was still the Bedrosians' residence. Respondent issued four FPAAs to the Beverly Glen address.

Petitioner argues that Olson did not have power of attorney for SCP or JCB, and as a result, her notification to Revenue Agent Smyth was invalid. We disagree. Olson held power of attorney for the Bedrosians. As a result, the Beverly Glen address was an appropriate address which to mail the FPAA in

order to notify the Bedrosians. Respondent was permitted to provide notice to an indirect partner pursuant to section 6223(c)(3). See also Murphy v. Commissioner, 129 T.C. __ (2007). The Bedrosians wholly owned JCB and Investors, pass-through entities. Sending notice to Mr. or Mrs. Bedrosian, as an indirect partner, at the address Olson provided to respondent 3 days before the FPAA was mailed was proper. Olson did have power of attorney for the Bedrosians as individuals, and thus the FPAAs mailed in care of or in the name of Mr. or Mrs. Bedrosian at the Beverly Glen address satisfy section 6223.

By mailing FPAAs to multiple addressees at multiple addresses, respondent made a good faith effort to notify all affected parties of the partnership adjustments, thus satisfying the notice requirement of sec. 6223(a). Crowell v. Commissioner, 102 T.C. 683, 692-693 (1994).

C. Rocco

Petitioner argues that the Rocco address was the required address to give the partners notice of the FPAA. On August 13, 2004, the Bedrosians filed a Form 2688 listing the Rocco address. Petitioner argues that this put respondent on notice that the Rocco address was the valid address for the Bedrosians as individuals.

Petitioner further claims that on October 15, 2004, the Bedrosians filed a Form 1040, U.S. Individual Income Tax Return,

for 2003 listing the Rocco address. The 2003 Form 1040 is not part of the record. Even if the Form 1040 were part of the record, the Rocco address shown on the Form 2688 and allegedly shown on the Form 1040 was not the Bedrosians' most current address. Olson updated respondent subsequent to the filing of the Bedrosians' Form 1040 for 2003 by notifying Revenue Agent Smyth as to the North Canon and Beverly Glen addresses.

Petitioner further argues that respondent sent a series of correspondence to the Bedrosians at the Rocco address and therefore was aware of the Rocco address and had the Rocco address in respondent's information base. Additionally, petitioner notes that the Computer Generated Form 886-Z(C), Partner's or S Corporation Shareholders' Shares of Income, that was attached to the FPAA listed the Rocco address for both Investors and JCB. Although respondent was aware of the Rocco address and in fact used the Rocco address on the Form 886-Z(C), the FPAA itself was not required to be sent there. Triangle Investors Ltd. Pship. v. Commissioner, 95 T.C. at 616. Pursuant to section 301.6223(c)-1T(f), Temporary Income Tax Regs., supra, respondent is not obligated to search his records for information not expressly furnished. Petitioner did not follow the procedure in the regulations, and as a result respondent was not obligated to search his records for information when sending the FPAA. Furthermore, the Beverly Glen address was a proper

address to which respondent could mail the FPAAs to the Bedrosians as individuals and as the indirect partners of JCB and Investors.

II.  Respondent's Motion To Dismiss

Respondent moves to dismiss the case for lack of jurisdiction on the grounds that the petition was untimely pursuant to section 6226(a) and (b).  The petition was filed on May 1, 2007, more than 2 years after the FPAA was sent. Petitioner concedes that if the FPAA is determined to be valid, then the petition is untimely.  Because we hold that the FPAA met the notice requirement of section 6223 and thus was valid, the petition is therefore untimely.  Consequently, we shall grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motion to dismiss.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.