T.C. Memo. 2007-376

UNITED STATES TAX COURT

JOHN C. BEDROSIAN AND JUDITH D. BEDROSIAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24581-06.                    Filed December 26, 2007.

Richard E. Hodge, William E. Johnson, Steven R. Mather, and
Elliott H. Kajan, for petitioners.

Michael L. Boman, for respondent.


MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before us on respondent's
motion to dismiss for lack of jurisdiction.[1]  Respondent argues

---

[1]  This case involves the same or related parties as in
docket Nos. 12341-05 and 9664-07.  Docket No. 12341-05 is based
(continued...)

that the assessment of penalties relating to partnership adjustments is not subject to deficiency procedures, and that the deficiencies in income tax were paid and assessed prior to the issuance of the notice of deficiency. See generally <u>Kligfeld Holdings v. Commissioner</u>, 128 T.C. 192 (2007), and Notice 2000-44, 2000-2 C.B. 255, for a general description of the transaction in this case. Respondent determined in an affected items notice the following deficiencies in and penalties on petitioners' Federal income tax:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1999 | [2]$3,460,695 | $1,399,552.80 |
| 2000 | 12,137 | 4,854.80 |

[2] The deficiency in docket No. 12341-05 is $38,187 greater than the deficiency listed above because the $38,187 was assessed as a computational adjustment. See <u>infra</u> pp. 4-5.

The issues for decision are: (1) Whether petitioners have previously paid a portion of the amount stated in the affected items notice of deficiency, and (2) whether the Court lacks jurisdiction over the section 6662(a) penalties determined in the affected items notice.

_____

[1](...continued)
on a statutory notice of deficiency sent to John and Judith Bedrosian. Docket No. 9664-07 is a partnership-level proceeding concerning the validity of a final partnership administrative adjustment notice.

## Background

Petitioners are husband and wife, and they resided in Los Angeles, California, when their petition was filed. JCB Stone Canyon Investments, LLC (JCB), a single member limited liability company, and Stone Canyon Investors, Inc. (Investors), an S corporation wholly owned by John and Judith Bedrosian as community property, purported to form a partnership, Stone Canyon Partners (Stone Canyon).

In November 1999, JCB purported to purchase and sell options on foreign currency. JCB then purported to contribute the purchased options, the sold options, and Texas Instruments stock to Stone Canyon, on behalf of itself and on behalf of Investors. In calculating the basis in the interests of JCB and Investors, the Bedrosians did not treat the options purportedly sold by JCB as a liability subject to the provisions of section 752.[3]

In December 1999, JCB purported to transfer its interest in Stone Canyon to Investors. Investors acquired the Texas Instruments stock previously contributed by JCB. Investors claimed a basis in the Texas Instruments stock based on the basis of the stock "in the hands" of Stone Canyon.

Petitioners reported an ordinary loss of $175,000 for 1999 related to their interest in Stone Canyon. Additionally,

---

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

petitioners reported a distributive share of long-term capital loss from Investors of $17,250,088 for 1999.

On April 8, 2005, respondent issued a notice of final partnership administrative adjustment (FPAA) to the partners of Stone Canyon for 1999. Neither the tax matters partner (TMP) JCB, nor any notice partner filed a challenge to the FPAA before the expiration of the periods prescribed in section 6226. Eleven days after the FPAA was issued, respondent issued petitioners a statutory notice of deficiency for 1999 and 2000. Petitioners timely petitioned the Court to review the notice of deficiency. That case is docket No. 12341-05.

On August 30, 2005, petitioners remitted $4,276,377 to the IRS. The remittance was designated to cover $3,498,882 for the 1999 deficiency, $757,000 for estimated interest on the 1999 deficiency, $12,137 for the 2000 deficiency and $1,800 for the estimated interest on the 2000 deficiency. Respondent treated the remittance as a payment.

On September 1, 2006, respondent made the following assessments against petitioners:

|  | 1999 | 2000 |
| --- | --- | --- |
| Deficiency attributable to partnership items assessed as a computational adjustment | $    38,187 | |
| Additional deficiency paid and assessed | 3,460,695 | $12,137 |

On September 5, 2006, respondent issued an affected items notice of deficiency to petitioners. The affected items notice was mailed after the 150-day period for filing a partnership proceeding had expired. Petitioners timely filed a petition in response to the affected items notice of deficiency.

## Discussion

Respondent's Motion To Dismiss

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; see also GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). We have jurisdiction to redetermine a deficiency if a valid notice of deficiency is issued by the Commissioner and if a timely petition is filed by the taxpayer. Id. We have jurisdiction in this case if petitioners did not previously pay any deficiencies.

A. Remittance

On August 30, 2005, petitioners remitted a check for $4,276,377. The written statement attached to the check indicated that petitioners were making a payment of tax and interest. Petitioners argue that they did not make a payment, but instead furnished a cash bond or in the alternative, made a deposit. Section 6603(a) provides:

A taxpayer may make a cash deposit with the Secretary which may be used by the Secretary to pay any tax * * * which has not been assessed at the time of the deposit. Such a deposit shall be made in such manner as the Secretary shall prescribe.

Rev. Proc. 2005-18, 2005-1 C.B. 798, gives guidance in determining whether a remittance is considered payment. According to the Rev. Proc. 2005-18, sec. 4.01(1), 2005-1 C.B. at 799, the taxpayer may make a deposit by remitting to the IRS a check or money order, accompanied by a written statement designating the remittance as a deposit.  The written statement accompanying the check remitted by petitioners states that the check is for an "advance payment", not a deposit.  Petitioners argue that they made an undesignated remittance while they were under examination, but before a liability was proposed in writing, and therefore the remittance was a deposit.  Rev. Proc. 2005-18, sec. 4.04, 2005-1 C.B. at 800, applies to an undesignated remittance; i.e., a remittance that is not designated as a deposit.  Petitioners' remittance came after they had been issued a statutory notice of deficiency; therefore Rev. Proc. 2005-18, sec. 4.04, does not apply.  Accordingly, petitioners' remittance on August 30, 2005, is a payment of income tax and interest, as set forth in their written statement.

We lack jurisdiction to consider deficiencies that have been paid before the issuance of a statutory notice of deficiency. Hillenbrand v. Commissioner, T.C. Memo. 2002-303.  The written

statement attached to the check indicated that petitioners were paying $3,498,882 for the 1999 deficiency, $757,000 for estimated interest on the 1999 deficiency, $12,137 for the 2000 deficiency and $1,800 for the estimated interest on the 2000 deficiency. Pursuant to section 6213(b)(4), the payment of a deficiency after the mailing of a notice of deficiency does not deprive this Court of jurisdiction over the deficiency. The payment came before the issuance of the affected items notice, and thus section 6213(b)(4) does not apply.[4]

B. Penalties

Respondent has determined accuracy-related penalties pursuant to section 6662, which petitioners have not paid. We must now determine whether we have jurisdiction to decide the issue concerning the accuracy-related penalties. Section 6221 provides:

> Except as otherwise provided in this subchapter, the tax treatment of any partnership item (and the applicabliltiy of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level.

Further, section 301.6231(a)(6)-1T(a)(2), Temporary Income Tax Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999), provides:

> (2) Changes in a partner's tax liability with respect to affected items that require partner level determinations

---

[4] The payment came after the statutory notice of deficiency issued on Apr. 19, 2005. That notice of deficiency is the subject of docket No. 12341-05. The Apr. 19, 2005, notice of deficiency was issued prematurely.

(such as a partner's at-risk amount to the extent it depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are computational adjustments subject to deficiency procedures. Nevertheless, any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may be directly assessed following a partnership proceeding, based on determinations in that proceeding, regardless of whether partner level determinations are required.

Recently, we have decided that we do not have jurisdiction to consider penalties as they relate to partnership items. Fears v. Commissioner, 129 T.C. 8 (2007); Domulewicz v. Commissioner, 129 T.C. 11 (2007). As a result, we lack jurisdiction over the penalties in this case, whether or not they require factual determinations at the partner level.

After applying the payment and dismissing jurisdiction over the penalties, there is nothing left for this Court to consider. As a result, respondent's motion to dismiss wll be granted.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.