T.C. Memo. 2007-375

UNITED STATES TAX COURT

JOHN C. BEDROSIAN AND JUDITH D. BEDROSIAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12341-05.                    Filed December 26, 2007.

<u>Richard E. Hodge</u>, <u>William E. Johnson</u>, <u>Steven R. Mather</u>, and
<u>Elliott H. Kajan</u>, for petitioners.

<u>Michael L. Boman</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction on the
ground that the notice of deficiency is invalid and prohibited by

section 6225.[1]  See generally <u>Kligfeld Holdings v. Commissioner</u>, 128 T.C. 192 (2007), and Notice 2000-44, 2000-2 C.B. 255, for a general description of the transaction in this case.  Petitioners petitioned the Court to redetermine respondent's determination of a $3,498,882 deficiency in their 1999 Federal income tax, a $134,781.15 addition to tax pursuant to section 6651(a)(1) for 1999, a $1,392,552.80 accuracy-related penalty pursuant to section 6662(a) for 1999, a $12,137 deficiency in their 2000 Federal income tax, and a $4,854.80 accuracy-related penalty pursuant to section 6662(a) for 2000.[2]

The issue for decision is whether the Court lacks jurisdiction to consider partnership and affected items in response to a notice of deficiency issued prior to the completion of partnership proceedings.

<u>Background</u>

Petitioners are husband and wife, and they resided in Los Angeles, California, when their petition was filed.

JCB Stone Canyon Investments, LLC (JCB), a single member limited liability company, and Stone Canyon Investors, Inc.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

[2]  This case involves the same or related parties as in docket Nos. 24581-06 and 9664-07.  Docket No. 24581-06 is based on an affected items notice sent to John and Judith Bedrosian. Docket No. 9664-07 is a partnership-level proceeding concerning the validity of a notice of final partnership administrative adjustment.

(Investors), an S corporation wholly owned by John and Judith Bedrosian as community property, purported to form a partnership, Stone Canyon Partners (Stone Canyon). The validity of the partnership is a matter of dispute between the parties. The use of terms in this opinion, for purposes of the pending motion, does not express any view on the validity of any of the entities mentioned. Soward v. Commissioner, T.C. Memo. 2006-262.

In November 1999, JCB purported to purchase and sell options on foreign currency. JCB then purported to contribute the purchased options, the sold options, and Texas Instruments stock to Stone Canyon, on behalf of itself and on behalf of Investors. In calculating the basis in the interests of JCB and Investors, the Bedrosians did not treat the options purportedly sold by JCB as a liability subject to the provisions of section 752.

In December 1999, JCB purported to transfer its interest in Stone Canyon to Investors. Investors acquired the Texas Instruments stock previously purportedly contributed by JCB to Stone Canyon. Investors claimed a basis in the Texas Instruments stock based on the basis of the stock "in the hands" of Stone Canyon.

On their 1999 Federal income tax return, petitioners reported an ordinary loss of $175,000 for 1999 related to their interest in Stone Canyon. Additionally, petitioners reported a

distributive share of long-term capital loss from Investors of $17,250,088 for 1999.

On April 8, 2005, respondent issued a notice of final partnership administrative adjustment (FPAA) to the partners of Stone Canyon for 1999. Eleven days after the FPAA was issued, respondent issued petitioners a statutory notice of deficiency for 1999 and 2000. Petitioners timely petitioned the Court to review the notice of deficiency.

## Discussion

### I. Respondent's Motion To Dismiss

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; see also GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). We have jurisdiction to redetermine a deficiency if a valid notice of deficiency is issued by the Commissioner and if a timely petition is filed by the taxpayer. GAF Corp. & Subs. v. Commissioner, supra at 521.

The partnership-level proceeding described in sections 6221 through 6234 requires that all challenges to adjustments of partnership items contained in the FPAA are to be made in a single unified proceeding. Under these procedures, the tax treatment of any partnership item shall be determined at the partnership level. Sec. 6221.

Pursuant to section 6226, the TMP of a partnership may file a petition for a readjustment of the partnership items for a taxable year with the Tax Court, the District Court of the United States for the district in which the partnership's principal place of business is located, or the Court of Federal Claims, within 90 days after the day on which a notice of an FPAA is mailed to the TMP.  Sec. 6226(a).  If the tax matters partner does not file a readjustment petition under subsection (a) of section 6226 with respect to any FPAA, any notice partner may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable years involved with any of the courts described in subsection (a).  Sec. 6226(b).

The Commissioner generally must wait until a partnership-level proceeding is over to determine a liability attributable to a partnership item.  See sec. 6225(a); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986).  Section 6225(a) provides:

> SEC. 6225(a).  RESTRICTION ON ASSESSMENT AND COLLECTION.--Except as otherwise provided in this subchapter, no assessment of a deficiency attributable to any partnership item may be made (and no levy or proceeding in any court for the collection of any such deficiency may be made, begun, or prosecuted) before--
>
> > (1)  the close of the 150th day after the day on which a notice of a final partnership administrative adjustment was mailed to the tax matters partner, and
> >
> > (2)  if a proceeding is begun in the Tax Court under section 6226 during such 150-day period, the

decision of the court in such proceeding has become final.

Additionally, the Commissioner generally must follow the deficiency procedures before assessing a liability related to an affected item that requires a partner-level determination.  See sec. 6230(a)(2).  Under section 6231(a)(3), (4), and (5), "partnership item", "nonpartnership item", and "affected item" are defined as follows:

> (3)  Partnership item.--The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

> (4)  Nonpartnership item.--The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

> (5)  Affected item.--The term "affected item" means any item to the extent such item is affected by a partnership item.

Because the tax treatment of affected items depends on partnership-level determinations, affected items cannot be tried as part of a partner's personal tax case until the resolution of the partnership proceeding.  GAF Corp. & Subs. v. Commissioner, supra at 526 (citing Dubin v. Commissioner, 99 T.C. 325, 328 (1992)).  Thus, the Court does not have jurisdiction to consider partnership items or affected items while a partnership

proceeding is pending.  Id. at 528; Maxwell v. Commissioner, supra at 788.

The notice of deficiency was issued 11 days after the FPAA; therefore the partnership proceeding was still pending.  See sec. 6226(b).  We must therefore decide whether any of the items giving rise to any part of the deficiencies in this case are partnership items or affected items.

The parties are in agreement that all of the items for 1999 are either partnership items or affected items.  We agree.  As a result, we do not have jurisdiction over those items because the partnership proceeding was pending when the notice of deficiency was issued.  See Maxwell v. Commissioner, supra at 788.

For 2000, the parties are not in agreement as to the characterization of all of the items.  Respondent argues that the claim on petitioners' return for that year to an itemized deduction of $525,000 for legal, accounting, consulting, and advisory fees related to Stone Canyon is an affected item because the partnership was a sham.  Although the partnership did not pay the fee, respondent argues that the deduction is nevertheless an affected item because the disallowance is dependent on the partnership's being a sham.  In Goldberg v. Commissioner, T.C. Memo. 2007-81, we held that such fees were neither a partnership item nor an affected item, and therefore we retained jurisdiction over them.  The deduction was not claimed on the partnership

return nor claimed by petitioners as their distributive share of any deduction on the partnership return. The disallowance of the deduction at the individual level did not flow from a deduction disallowed at the partnership level, nor is the legality of the deduction at the individual level necessarily affected by a determination at the partnership level. <u>Id.</u>

Respondent's motion to dismiss for lack of jurisdiction will be granted in part and denied in part.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.